JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200/Facsimile: (510) 839-3882

JAMES B. CHANIN, Esq./ State Bar #76043)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752/Facsimile: (510) 848-5819

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., individually and as successor-in-interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO; and FELINA RAMIREZ, mother of decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD HENDERSON, individually; DOES 2-25, inclusive,<br><br>Defendants. | Case No. 3:20-cv-04637 TSH<br><br>**FIRST-AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH.**<br>**JURY TRIAL DEMANDED** |

INTRODUCTION

On June 2, 2020, in broad daylight in the afternoon, Defendant California Highway Patrol Officers, including Defendant RICHARD HENDERSON and other unidentified Defendant DOES, part of an auto theft task force, opened fire on a red Dodge that had been reported stolen and which they were attempting to stop in their unmarked vehicles. The Dodge was contained when the

Defendant HENDERSON and DOES initiated a hail of gunfire on the driver and passenger of the car, firing at least 40 gunshots at the vehicle, at a time when no officer or civilian was in any danger, and Defendant DOES had no reason to believe anyone inside the vehicle was armed with any weapon. Even the theft of the vehicle, for which the occupants of the vehicles were not suspected of, did not occur by means of violence.  Decedent ERIK SALGADO, the father of a young daughter, who drove the vehicle, was shot at least 18 times, and was dead at the scene. His girlfriend, Plaintiff BRIANNA COLOMBO, who was approximately four months pregnant with Mr. SALGADO's child, was in the passenger seat. Defendants shot her 3 times, including in the abdomen.  Plaintiff COLOMBO's unborn child died as a consequence of the subject-incident.

      Defendants gave no warning they would shoot before they opened fire, intentionally positioned themselves at angles around the red Dodge where they would not shoot each other, and fired away over an extended period of time, executing Mr. SALGADO and severely injuring Plaintiff COLOMBO.  The extended shooting by Defendant HENDERSON and DOES was deliberately indifferent to human life, premeditated, and criminal.  It is currently being criminally investigated by the Alameda County District Attorney's Office, as well as the Oakland Police Department.

      On July 3, 2016, Defendant HENDERSON shot and killed another young man, 19-year-old Pedro Villanueva, under similar alleged circumstances in Fullerton, CA.  Defendant HENDERSON is a defendant in that civil rights action currently pending in Federal court in the Central District of California (USDC-CACD Case No. 8:17-cv-01302-JLS-KES, currently on interlocutory appeal at the 9th Circuit following the denial of Defendants Motion for Summary Judgment based on qualified immunity, 9th Circuit Docket No. 19-55225). On information and belief, neither incident was captured by bodycam or dash-cam video.

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Sections 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

PARTIES

2. Plaintiff herein, L.S., is and was at all times herein mentioned a citizen of the United States residing in California. She is a minor and is the daughter and Successor-in-Interest to Decedent ERIK SALGADO, who died intestate and unmarried. Mr. SALGADO was 23 years old when he was killed by Defendants. She is represented in the instant action by and through her Guardian ad Litem MICHAEL COLOMBO.

3. Plaintiff herein, BRIANNA COLOMBO, is and was at all times herein mentioned a citizen of the United States residing in California. Ms. COLOMBO is 23 years old. Ms. COLOMBO was pregnant at the time she was shot by defendants during the subject-incident, putting her in a critical medical emergency which caused the death of her unborn child.

4. Plaintiff FELINA RAMIRIZ is Decedent SALGADO's mother and asserts violation of her 14th Amendment rights against interference with the familial relationship with her son caused by the conscience-shocking killing of her son.

5. Minor Plaintiff L.S., as Decedent ERIK SALGADO's only child, is his only Successor-in-Interest as defined in California Code of Civil Procedure section 377.11 and succeeds to Decedent ERIK SALGADO's interest in the instant action pursuant to California Code of Civil Procedure section 377.32. Minor Plaintiff L.S. has complied with the requirements of California Code of Civil Procedure Section 377.22 to establish her standing.

6. Defendant RICHARD HENDERSON ("HENDERSON") is and was at all times mentioned herein a police officer employed by the State of California as an Officer for the California Highway Patrol ("CHP"). Defendant HENDERSON was acting in the course and scope of employment as a police officer for the CHP at the time of the subject-incident shooting.

7. Plaintiffs have requested information from the California Highway Patrol ("CHP") regarding the identities of the CHP officers involved in the shooting and killing of Mr. SALGADO, as well from the Alameda County District Attorney's Office and Oakland Police Department, which are investigating this Officer-Involved Shooting. Each agency has refused, to date, to provide the names of the CHP officers involved in the death of Mr. SALGADO. Because of their refusal to disclose the involved CHP officers' identities, Plaintiffs were ignorant of the true names and

capacities of Defendants DOES 1 through 25, inclusive. However, the San Jose Mercury News recently identified Defendant RICHARD HENDERSON as one of the DOE defendants shooting officers in this case. Plaintiffs sue the remaining defendants by fictitious DOE names. Plaintiffs are informed and believe and therefore allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Each defendant DOE was an integral participant in the use of unreasonable force against Mr. SALGADO. Plaintiffs will amend their complaint to state the names and capacities of DOES 2-25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the California Highway Patrol. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by the California Highway Patrol.

## STATEMENT OF FACTS

9. On the afternoon of June 2, 2020, Decedent ERIK SALGADO and his girlfriend, Plaintiff BRIANNA COLOMBO, who was 4 months pregnant with Mr. SALGADO's child were in red Dodge Challenger on Cherry Street in Oakland, near Mr. SALGADO's mother's home, Plaintiff Ramirez. Unbeknownst to Plaintiffs SALGADO and COLOMBO, several unmarked CHP officers were pursuing the red Dodge driven by Mr. SALGADO. No one in the red Dodge was armed, and the pursuing CHP officers had no articulable basis to believe that anyone in the red Dodge was armed with any weapons. The red Dodge was one of 80 vehicles that had been reported stolen on May 30, 2020, from a San Leandro auto dealership. Defendants had no information that vehicles were taken by force, that Mr. SALGADO was involved with that robbery, or how Mr. SALGADO came to be in possession of the red Dodge.

10. An unmarked CHP vehicle driving North on Cherry Street blocked the path of the red Dodge's travel. Other unmarked CHP's vehicles pursued behind the red Dodge. The red Dodge attempted to navigate past the unmarked CHP truck in front of it, and while attempting to pass slightly bumped into the unmarked car. The car then backed up and slightly bumped into a CHP car

directly behind it. Thereafter Mr. SALGADO again attempted to squeeze by the CHP truck but for inexplicable reasons three CHP officers, including Defendant HENDERSON, unleashed a hail of bullets into the front and sides of the car sending the car crashing into the rear-end of a white Lincoln Continental parked on the west side of Cherry Street. This collision occurred because Defendants shot Mr. SALGADO, who slumped forward after being shot and lost control of the vehicle, which then ran into the Continental. Right before the shooting, one of the unmarked CHP vehicles pulled up to a stop in front of the red Dodge, blocking the front end of the driver's side of the red Dodge. The front end of the passenger side of the red Dodge was blocked by the white Lincoln Continental. Two unmarked CHP vehicles blocked the red Dodge from behind.

11. One Defendant CHP officer exited each of the three unmarked CHP vehicles. Defendant Officer DOE No. 1, who had blocked the path of travel of the red Dodge on Cherry Street prior to the crash and then stopped his unmarked vehicle blocking the front end driver's side of the red Dodge, exited the passenger side and went around the rear of the of the unmarked vehicle, and stood in front of the red Dodge with his handgun drawn and pointed at Mr. SALGADO in the driver's seat. Defendant Officer DOE No. 1, who was dressed in plainclothes and may have been Defendant HENDERSON, yelled at Mr. SALGADO to turn off the car's engine. Several seconds later, though the red vehicle had not moved and was effectively pinned in and unable to move, Defendant Officer DOE No. 1 fired multiple gunshots into the red Dodge, striking Mr. SALGADO.

12. After being shot, Mr. SALGADO slumped forward. The engine of the red Dodge began to rev, and the tires began to spin, but the vehicle went nowhere. Defendant Officer DOE No. 2, who had exited from the passenger side of one the unmarked CHP vehicles behind the red Dodge and was offset behind the rear driver's side of the red Dodge, then began shooting wantonly into the red Dodge, until he ran out of ammunition.

13. Defendant Officer DOE No. 3, who was offset behind the rear passenger side of the red Dodge, also fired gunshot rounds into the red Dodge. Defendant HENDERSON was one of the three Defendants who fired their guns at Mr. SALGADO.

14. At all times, Plaintiff COLOMBO was visible and present in the front passenger seat of the red Dodge. She was shot by Defendants three times, including being shot in her pregnant

abdomen. The three Defendant Officer DOES, including Defendant HENDERSON, fired over 40 rounds of gunshots into the red Dodge.  Based on the wound pattern to Mr. SALGADO's body, Plaintiffs contend that Defendant Officer DOE No. 1 fired additional rounds at Mr. SALGADO'S chest. Mr. SALGADO was shot at least 18 times by Defendants.

15. In shooting Plaintiff COLOMBO, Defendants contributed to the death of her unborn child.

16. The shooting and killing of Mr. SALGADO and the shooting of Ms. COLOMBO described herein was brutal, malicious, and done without just provocation or cause, and proximately caused Plaintiffs' injuries and resulting damages.

## DAMAGES

17. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent ERIK SALGADO's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

18. Minor Plaintiff L.S. is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

19. Plaintiff COLOMBO suffered severe physical injuries caused by being shot by Defendants and has been hospitalized to recover from the shooting.  Plaintiff COLOMBO lost her unborn child as a proximate cause of being shot by defendants, and suffered severe pain and suffering caused by being shot by defendants.  Plaintiff COLOMBO also suffered emotional distress, pain, and suffering damages by being shot by Defendants, and has incurred special damages including medical bills and the costs of medical treatment for her injuries.

20. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiff L.S. as Decedent's successor-in-interest is further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered by excessive force, damages for decedent's loss life and loss of enjoyment of life in violation of the Fourth Amendment to the United States Constitution causing Decedent's death by excessive force under section 1983, and to any penalties or punitive damages to

which decedent would have been entitled to recover, had he lived, and are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' section 1983 violations, preceding Decedent's death.

21. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual defendants.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Minor Plaintiff L.S. as successor-in-interest to Decedent ERIK SALGADO and BRIANNA COLOMBO Against Defendant Officers HENDERSON, DOES 2-25)

23. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 22 of this Complaint.

24. In doing the acts complained of herein, Defendants HENDERSON, DOES 2-25, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

25. Said rights are substantive guarantees under the First, Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(14th Amendment Substantive Due Process- Right to Familial Relationship)
(Plaintiffs L.S. individually and FELINA RAMIREZ, Against Defendants HENDERSON, and DOES 2-10)

26. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Defendant HENDERSON and DOES 2-10, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendants HENDERSON and DOES 2-10 acted with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

28. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

JURY DEMAND

29. Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For the costs of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  September 3, 2020 　　　　　　　　**LAW OFFICES OF JOHN L. BURRIS**

　　　　　　　　　　　　　　　　　　　　　　　/s/*John L. Burris*_____
　　　　　　　　　　　　　　　　　　　　　　　John L. Burris, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs