XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
DANIEL B. ALWEISS
Deputy Attorney General
State Bar No. 191560
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
 Telephone:  (510) 879-0005
 Facsimile:  (510) 622-2270
 E-mail: Daniel.Alweiss@doj.ca.gov
*Attorneys for Defendant*
*CHP Sgt. Richard Henderson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.S. individually and as Successor-in Interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ, Mother of decedent,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD HENDERSON, individually; DOES 2-25, inclusive,<br><br>Defendants. | Case No. 3:20-cv-04637-TSH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br>[Fed. R. Civ. Proc. 38(B)] |

Defendant CHP Sargent Richard Henderson in response to the First Amended Complaint (Complaint) on file admits, denies, and alleges as follows:

1. Answering "Introduction" at page 2, lines 16 to 22, Defendant asserts such paragraph is not operable in this Complaint, highly irrelevant and prejudicial to the administration of justice in this lawsuit, and should be stricken.  The remainder of the "Introduction" is denied.

///

1

2.   Answering paragraph 1 of the Complaint, defendant admits that the events that are the subject of the Complaint occurred in Oakland, California and that this Court has jurisdiction over the claims alleged. Defendant denies the remainder of the allegations of paragraph 1.

3.   Answering paragraph 6 of the Complaint, Defendant admits.

4.   Answering paragraphs 8-12, 14, 19-28, and the entire Prayer for relief answering Defendant denies each and every allegation of said paragraphs of the Complaint.

5.   Answering paragraphs 2, 3, 4, 5, 7, 13, 18 of the Complaint, Defendant lacks information or knowledge as to the validity of such allegations and therefore denies them.

6.   Paragraph 29 of the Complaint does not contain any allegation of facts, and therefore Defendant can neither admit or deny the content of said paragraph.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendant alleges as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 2:

Any award for punitive damages would violate the Constitutions of the United States and of the State of California in that: (1) it amounts to double jeopardy (5th Amendment); (2) the criteria are vague and not sufficiently specific to know what conduct will subject to it; (3) violates due process clauses of the Constitutions of the United States and the State of California for vagueness and no objective standard for limitation; (4) Defendant would be required to testify against himself (5th Amendment); (5) Defendant would be deprived of equal protection under the Fifth and Fourteenth Amendments in that such award is based in part on economic status, without a rational basis and on an arbitrary classification; and, (7) amount to excessive fines (8th Amendment).

AFFIRMATIVE DEFENSE NO. 3:

The amount of any damages should be abated, apportioned and reduced to the extent negligence of any other person or entity caused or contributed to damages.

**AFFIRMATIVE DEFENSE NO. 4:**

Decedent and Plaintiff Colombo voluntarily and knowingly assumed all the risks and hazards involved in the activities alleged in the complaint.

**AFFIRMATIVE DEFENSE NO. 5:**

All alleged events, damages and injuries were proximately caused and contributed to by the negligence of plaintiffs, decedent, and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

**AFFIRMATIVE DEFENSE NO. 6:**

Defendant was acting within the course and scope of duty of public employment.

**AFFIRMATIVE DEFENSE NO. 7:**

Plaintiffs' claims are subject to the statutory limitation of Civil Code section 1431, *et seq.*, relating to joint and several liability for economic and noneconomic damages.

**AFFIRMATIVE DEFENSE NO. 8:**

Plaintiffs failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 9:**

To the extent Defendant used force, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in the lawful defense of himself, other officers, and/or third parties on the scene.

**AFFIRMATIVE DEFENSE NO. 10:**

All actions taken were in response to an emergency situation.

**AFFIRMATIVE DEFENSE NO. 11:**

At the times and places alleged in the complaint, Decedent, with control over Plaintiff Colombo, willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct. The force employed, to prevent the continuance of such conduct was reasonable and not excessive.

///

///

AFFIRMATIVE DEFENSE NO. 12:

To the extent allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Government Claims Program claim, it fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 13

The detention or arrest alleged in the complaint was regular and lawful and made in good faith by peace officers acting within the course and scope of authority and with reasonable cause to believe such action was lawful.

AFFIRMATIVE DEFENSE NO. 14:

Only reasonable force was used, and there is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2. Decedent knew an arrest or detention was being made by peace officers and had a duty to refrain from using force or his vehicle as a weapon to resist, and was in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officers.

AFFIRMATIVE DEFENSE NO.15:

To the extent force was used in making the arrest or detention, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 16:

There was reasonable cause to make the detention or arrest. (Gov. Code, § 815.2; Pen. Code, § 847.)

AFFIRMATIVE DEFENSE NO. 17:

Defendant was a peace officer in the course and scope of employment. At all relevant times, defendant had reasonable cause to believe that decedent had committed a public offense in an officer's presence, and so believing, exercised the power, and discharged the duty, of lawful arrest.

///

///

///

AFFIRMATIVE DEFENSE NO. 18:

Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendant, whom decedent knew was a peace officer, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk.

AFFIRMATIVE DEFENSE NO. 19:

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 20:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 21:

All acts of defendant were in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to injure any person.

AFFIRMATIVE DEFENSE NO. 22:

Defendant is entitled to qualified immunity. Defendant acted in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability because Defendant acted in good faith and entertained an honest, and reasonable belief his actions were in accord with clearly-established law, of which a reasonable person would have known. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818.)

AFFIRMATIVE DEFENSE NO. 23:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

///
///
///

AFFIRMATIVE DEFENSE NO. 24:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiffs; and
2. Plaintiffs take nothing by the Complaint; and
3. Defendant be awarded costs of suit incurred herein; and
4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury. Fed. R. Civ. Proc. 38(b).

Dated: October 2, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General

*/s/ Daniel B. Alweiss*

DANIEL B. ALWEISS
Deputy Attorney General
*Attorney for Defendant*
*CHP Sgt. Richard Henderson*