XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
DANIEL B. ALWEISS
Deputy Attorney General
State Bar No. 191560
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
 Telephone:  (510) 879-0005
 Facsimile:  (510) 622-2270
 E-mail: Daniel.Alweiss@doj.ca.gov
*Attorneys for Defendant CHP Sgt. Richard Henderson
and Specially Appearing Defendants Unnamed Officer Nos. 1-8*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.S. individually and as Successor-in Interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ, Mother of decedent,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD HENDERSON, individually; DOES 2-25, inclusive,<br><br>Defendants. | Case No. 3:20-cv-04637-VC<br><br>**DECLARATION OF DEFENDANT CHP SERGEANT RICHARD HENDERSON SUPPORTING MOTION FOR A PROTECTIVE ORDER & MOTION TO QUASH**<br><br>[Fed. R. Civ. P 26(c) & 45(d)(3)(A)(i,iii,iv)]<br><br>Date:  February 25, 2021<br>Time:  2:00 p.m.<br>Courtroom:  4, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Trial Date:    March 28, 2022<br>FAC Filed:    September 3, 2020 |

I, CHP Sgt. Richard Henderson declare as follows:

1. I am a United States citizen over the age of 18. I am the named Defendant in this action. I have read the allegations of plaintiffs' complaint and am thoroughly familiar with them.

2. I have personal knowledge of the matters set forth in this declaration, and if called as a witness could competently testify thereto, except as to matters stated on information and belief and as to those matters I am informed and believe that they are true.

3. Erik Salgado, the suspect who was shot in this incident, which is the subject of this lawsuit, was a documented Border Brother's gang member. While on the scene, after the shooting, several suspected Border Brother's gang members were filming myself and the other officers as we did the walk through. During this time, the location of my personal residence was mentioned within 15 feet of being filmed by two suspected Border Brother's gang members.

4. Shortly after the incident, an investigator who appeared to be employed by plaintiffs' counsel, came to my house and knocked on the door. I watched on camera as he attempted to look inside the windows of my home and then confronted my gardener in my front lawn. My gardener is of similar height and stature/appearance to myself. The investigator accused my gardener of being me (Richard Henderson) and continued to attempt to harass him to the point my gardener had to ask him to leave the area. On three occasions after this, I observed investigators attempting to conduct surveillance on my home.

5. Immediately after this, two of my neighbors began to display anti-law enforcement propaganda in their yards; and anti-law enforcement graffiti appeared on our community mail box.

6. I subsequently learned from investigators with the Alameda County Sheriff's Office that Border Brother's gang members imprisoned at Santa Rita Jail had been attempting to gather personal information on me, as the CHP Officer involved in the shooting of Eric Salgado. I also learned they had made threats to retaliate against the CHP Officers for shooting Salgado.

7. As a result of these threats to my safety and harassment at my home, I have had to:

    a. Request the CHP Special Investigations Unit open an investigation of this matter.

    b. Request additional patrols by my house from both the local sheriff and police.

    c. Request a transfer from the California Highway Patrol

    d. Sell my home.

    e. Move my belongings to storage at my own expense

    f. Rent a living space, in an undisclosed location, several hours away from the Bay Area.

8. My full name was disclosed to the public, early on in this lawsuit. During that time, there were substantial protests against law enforcement in the Bay Area, and looting. I was the single law enforcement person publicly identified with the shooting of Erik Salgado.

9. As a result of my being identified, numerous people have been able to come to my personal residence, inquiring about the incident with decedent Salgado, and tagged anti-law enforcement graffiti on my community mailboxes. This did not occur prior to the incident with Mr. Salgado.

10. Based on the above, I felt my security was in issue. I was concerned about my own personal safety, and that of my family. This has caused me personal emotional distress, and to fear for my security when I go home at nights.

11. Because my identity has been disclosed in connection with the shooting of Mr. Salgado, there is a clear danger that criminals will seek retribution against me as the law enforcement officer who enforced the law against them.

12. I believe that once plaintiffs' counsel names the remaining CHP Officers, their names will be publicized and those officers will equally have their personal lives upended, and suffer similar emotional distress, as this has caused me. Disclosure of such officers' names will likely cause their privacy interests to be invaded, to the same degree as was done to my personal life.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and I have executed this document in California.

Dated: January 15, 2021.

/s/ *Richard Henderson*
CHP Sgt. Richard Henderson

3

Decl. of Def. R. Henderson in Supp. of Mot. for a Protective Order & Mot. to Quash (Case No.: 3:20-cv-04637-VC)

FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I, Daniel B. Alweiss, as the filer of this document attest that concurrence in the filing of this document has been obtained from the signatory to this document.

Dated: January 15, 2021

*/s/ Daniel B. Alweiss*
DANIEL B. ALWEISS
Deputy Attorney General

4

Decl. of Def. R. Henderson in Supp. of Mot. for a Protective Order & Mot. to Quash (Case No.: 3:20-cv-04637-VC)