JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200/Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
        bnisenbaum@gmail.com

JAMES B. CHANIN, Esq./ State Bar #76043
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752/Facsimile: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., individually and as successor-in-interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ Parent of decedent,<br><br>            Plaintiffs,<br>    vs.<br><br>RICHARD HENDERSON, and DOES 1-25, inclusive,<br><br>            Defendants. | Case No. 3:20-cv-04637 VC<br><br>**DECLARATION OF BENJAMIN NISENBAUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**<br><br>Date: February 25, 2021<br>Time: 2:00 p.m.<br>Courtroom 4, 17th Floor<br><br>Hon. Vince Chhabria |

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

1

## <u>DECLARATION OF BENJAMIN NISENBAUM</u>

I, Benjamin Nisenbaum, hereby declare:

1.    I am one of the attorneys of record for the Plaintiffs. This declaration is submitted in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash.

2.    Attached hereto as Exhibit A is a true and correct copy of an email string subject heading "Salgado subpoena issued to City of Oakland today", beginning with an email I sent to Defendants' counsel Daniel Alweiss on September 28, 2020 at 4:08 p.m., with the attachment "Salgado SDT to Oakland.pdf" attached to it. Plaintiffs' counsel James Chanin served that subpoena on the City of Oakland to Oakland Deputy City Attorney David Pereda after I sent it to Mr. Chanin, earlier that afternoon, via email. I also put the subpoena in the mail to Mr. Pereda that afternoon. The subpoena attached to it was the Northern District's fillable form, and auto filled the then current time and date of when I printed the subpoena in the "Date and Time" box for service. I had originally typed a date 30 days from September 28th, 2020 as the date and time due for subpoena.  Mr. Alweiss responded to this email the next morning, by email, as set forth in the email with: "Got it, thanks. –Dan".   Other than this response, Mr. Alweiss never otherwise responded to the subpoena to my knowledge until early January 2021.  I accurately filled out the proof of service of the subpoena by hand, reflecting service on Mr. Pereda, who was also identified as the recipient of the subpoena for the City of Oakland. It is my understanding that Mr. Alweiss never contacted Mr. Pereda after he received the subpoena.  Mr. Pereda, who was Special Counsel at the City Attorney's Office, has since taken the bench as an Alameda County Superior Court Judge following appointment by Governor Newsom.

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

2

3. Attached hereto as Exhibit B is a true and correct copy of an email string subject heading "Subpoena", sent from Plaintiffs' counsel James Chanin to Mr. Pereda on September 28, 2020 at 3:41 p.m. The same subpoena and proof of service attached as Exhibit A hereto was attached to this email.  Mr. Pereda had agreed to accept the subpoena by email.  Subsequently, Mr. Chanin and I negotiated with Mr. Pereda the terms of a protective order to cover the documents to be produced, that began with the standard Northern District protective order, and continued as reflected in Exhibit C attached hereto.

4. Attached hereto as Exhibit C is a true and correct copy of an email string subject heading "L.S., et al. v. Henderson, et al.", beginning on November 9, 2020, between Mr. Pereda, myself and Mr. Chanin, reflecting the final terms of the protective order, which included the provision that, after December 21, 2020, while the documents produced would continue to be under protective order, "information, facts and identities, including the identities of officers involved the shooting" revealed in the documents may be included in public filings, such as an amended complaint.  In response to Mr. Alweiss's initial contentions on January 4th in email with the new Oakland City Attorney on the case, I forwarded this email string to him on January 5th, along with his prior email acknowledging receipt of subpoena of September 29th attached hereto as Exhibit A.  Mr. Alweiss and I then met and conferred as reflected in the ensuing emails, with Mr. Alweiss implying that his acknowledgment of receipt of the subpoena was only acknowledging receipt of an email, not the subpoena attached to it. This caused me to become concerned that Mr. Alweiss would falsely claim that he had not timely received the subpoena. Mr. Alweiss did not raise the errors in the subpoena until he filed the instant motion.  I warned Mr. Alweiss in response to his baseless implications not to misrepresent to the Court that he was not timely served with the subpoena on the City of Oakland, that he lacked the ability to intervene in it, or other false or even defamatory misrepresentations to the Court. In spite of this

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

3

warning, Mr. Alweiss indeed made false and potentially defamatory claims in his instant motion and declaration to the Court, as discussed in Plaintiffs' instant opposition.

5.     Attached hereto as Exhibit D is an email string initiated by Kevin McLaughlin, the Oakland Deputy City Attorney who took over for Mr. Pereda after Mr. Pereda took the bench, dated January 4, 2021, indicating that his office had just received a subpoena from Mr. Alweiss for the same type of materials Plaintiffs' September 28, 2020 subpoena had requested. I cc'd Mr. Alweiss in my response to Mr. McLaughlin. Mr. Alweiss was already aware that I had received the documents from the subpoena, as I told him I had them. Mr. Alweiss asked me for copies, and I told Mr. Alweiss that, since the CHP had refused to permit him to accept service of a different subpoena duces tecum for CHP documents, I would give him the documents in response to a proper discovery request, since cooperation is a two-way street. Mr. Alweiss then responded, on January 5, 2021 email in this string as set forth therein, and that the AG had not signed off any protective order. I responded in that string that Mr. Alweiss had been served with the subpoena on September 28th, had acknowledge receipt of it on September 29th, and had never objected or sought to intervene in the subpoena in any way.

6.     Attached hereto as Exhibit E is a true and correct copy of an email subject heading "Rule 11 concerns re: Defendants Motion for Protective Order and Motion to Quash", dated January 18, 2021, at 1:10 p.m., sent from me to Mr. Alweiss, regarding the instant motion filed by Mr. Alweiss the previous Friday, January 15. I had not read the instant motion or declarations filed by Mr. Alweiss until Monday, January 18th. I quickly realized that Mr. Alweiss had done exactly what I warned him not to do: misrepresent timely service of the subpoena to the City of Oakland on him, and that Mr. Alweiss went even further, essentially claiming that I conspired with the City of Oakland to obtain the documents in a manner that would have prevented him properly objecting or otherwise intervening, even claiming that I possessed the documents at the

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

4

time I served the subpoena on him on September 28. I included in my Rule 11 meet and confer as attachments the emails with Mr. Pereda demonstrating the falsity of Mr. Alweiss's contentions, and demanded that he correct the record before the Court. To date, Mr. Alweiss has not responded to me, and has not corrected the record before the Court. I can only conclude that his misrepresentations are intentional, and I will initiate the process of a sanctions motion for his false and likely defamatory contentions.

7.     Attached hereto as Exhibit F is an email string between Mr. Alweiss and me beginning October 30, 2020, subject "Salgado Doc Reqs, Subpoena, and Initial Disclosures". Attached to this email are Plaintiffs initial disclosures, Request for Production of Documents on Defendant Henderson, and a subpoena duces tecum on the California Highway Patrol ("CHP"). Mr. Alweiss called the CHP his "client", and informed me that his client would not permit him to accept this subpoena on CHP on their behalf.  This was one month after I served Mr. Alweiss the copy of the subpoena on the City of Oakland. Mr. Alweiss also indicated that he was waiting to get permission from the CHP to release the names of the remaining CHP officers involved in the subject incident, and that once I wanted to name and serve these CHP officers, Mr. Alweiss would ask for approval to accept service on their behalf.

8.     Attached hereto as Exhibit G is an email string subject heading "Salgado v. Does 1-25: FRCP 26 Disclosures", dated November 2, 2020, where Mr. Alweiss claimed he would need a protective order for the names of the involved CHP officers. I asked why, and Mr. Alweiss did not respond in writing.

9.     Attached hereto as Exhibit H is an email string subject heading "Authority to disclose officers' identities" starting date November 2, 2020. In response to Mr. Alweiss's request for authority to name the defendant DOES, I sent him the California Supreme Court case *Long Beach Police Officer's Association v. City of Long Beach* 59 Cal.4th 59 (Cal. 2014), which

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

5

provides authority to name the involved officers. We met and conferred telephonically, but Mr. Alweiss never provided contrary authority. I explained that I could not execute a section 1983 judgment against the officers even if they waived a more specific pleading requirement and substituted the State of California as the sole defendant, and nor would I agree to that in any event as it would enable the involved officers to avoid legal responsibility and public accountability.

10.     Attached hereto as Exhibit I is a news article published by the San Jose Mercury News on August 8, 2020, written by David Debolt, <u>CHP officer who shot at Erik Salgado in Oakland had prior fatal shooting on his record</u>.  Mr. Debolt had contacted me not long before this article was published, and told me that two law enforcement sources had told him that Defendant RICH HENDERSON was one of the shooting officers, and asked me if I could be a third source to confirm his identity. I told him I could not confirm his identity, because I did not know his identity.  This was the first time Defendant HENDERSON's name came to be known to plaintiffs' counsel. I contacted Mr. Alweiss to find out if Defendant HENDERSON was one of the involved officers. Mr. Alweiss did not confirm that.  Plaintiffs never sent an investigator to Defendant Henderson's home. Plaintiffs do not know where he resided at any time, and never had to personally serve him, as Mr. Alweiss agreed to accept service on his behalf.

11.     Attached hereto as Exhibit J is an email dated September 9, 2020, subject heading "Salgado FAC", with Mr. Alweiss acknowledging that he was authorized to accept service on behalf of Defendant HENDERSON, and inquiring about any upcoming dates.

12.     Attached hereto as Exhibit K is an email string subject heading "Call re CID File", dated November 6, 2020, between Mr. Pereda, Mr. Chanin, and me, confirming that Mr. Pereda would be producing documents the following Monday, November 9, 2020. I included this email string in my Rule 11 meet and confer letter to Mr. Alweiss (Exh. E hereto). No one could

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

6

rationally believe Mr. Alweiss's defamatory claim that I held off on serving the subpoena on Oakland on him in order to prevent him from objecting to Oakland's response. The exact opposite is true: I timely served Mr. Alweiss with the subpoena, he failed to respond to it, and he knows it.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct of my personal knowledge, except where stated on information and belief, and to those matters I am informed and believe them to be true. If called as a witness, I would competently testify to those matters stated herein.

Executed January 27, 2021, at Oakland, California.

/s/ *Benjamin Nisenbaum*
Ben Nisenbaum
Attorney for Plaintiffs

Declaration of Benjamin Nisenbaum in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and Motion to Quash
Case No. 3:20-cv-04637 VC

7

# EXHIBIT A

 **Gmail**

Ben Nisenbaum <bnisenbaum@gmail.com>

---

## Salgado subpoena issued to City of Oakland today

Ben Nisenbaum <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

Tue, Jan 5, 2021 at 3:41 PM

this wasn't you, saying "Got it, thanks."????

---------- Forwarded message ----------
From: **Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
Date: Tue, Sep 29, 2020 at 8:51 AM
Subject: Re: Salgado subpoena issued to City of Oakland today
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Got it, thanks.

--Dan

---

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, September 28, 2020 4:08:26 PM
**To:** Daniel B. Alweiss
**Subject:** Salgado subpoena issued to City of Oakland today

Hi Dan,

Please find attached a courtesy copy of a subpoena I served on City of Oakland today.

thanks,
Ben

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Salgado subpoena issued to City of Oakland today

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>                    Tue, Sep 29, 2020 at 8:51 AM
To: Ben Nisenbaum <bnisenbaum@gmail.com>


Got it, thanks.



--Dan


**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, September 28, 2020 4:08:26 PM
**To:** Daniel B. Alweiss
**Subject:** Salgado subpoena issued to City of Oakland today

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Salgado subpoena issued to City of Oakland today

**Ben Nisenbaum** <bnisenbaum@gmail.com>                                     Mon, Sep 28, 2020 at 4:08 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

Hi Dan,

Please find attached a courtesy copy of a subpoena I served on City of Oakland today.

thanks,
Ben

 **Salgado SDT to Oakland.pdf**
4123K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| L.S., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:20-cv-04637 TSH |
| RICHARD HENDERSON, et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    City of Oakland
       David Pereda, Oakland City Attorney's office

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials related to the shooting death of Decedent JUAN SALGADO on June 2, 2020 by Defendants, including the complete investigative file, all documents, recordings, interviews, video recordings, MVARS recordings and data, forensic records and reports, photographs, scene diagrams, witness statements and reports

| Place: Law Offices of John Burris, 7677 Oakport Street, Oakland, CA 94621 | Date and Time: 09/28/2020 2:51 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/28/2020

       *CLERK OF COURT*
                                                    OR    /s/Benjamin Nisenbaum
       _____                        _____
       *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    L.S., Plaintiff
_____ , who issues or requests this subpoena, are:
Ben Nisenbaum, 7677 Oakport Street, Suite 1120, Oakland, CA 94621, bnisenbaum@gmail.com (510) 839-5200

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-04637 TSH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ___City of Oakland (David Pereda)___

on *(date)* _____ .

   ☑ I served the subpoena by delivering a copy to the named person as follows:  ___David Pereda, Oakland City___
Attorney's Office, One Frank Ogawa Plaza, 6th Floor, Oakland, CA 94612

|  |  |  |
|---|---|---|
| _____ | on *(date)*  | 09/28/2020 ; or |

   ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

I declare under penalty of perjury that this information is true.

Date: ___09/28/2020___

/s/Benjamin Nisenbaum
*Server's signature*

Benjamin Nisenbaum, Attorney
*Printed name and title*
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621

*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT B

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Subpoena
4 messages

---

**James B. Chanin** <jbcofc@aol.com>                                    Mon, Sep 28, 2020 at 3:41 PM
Reply-To: "James B. Chanin" <jbcofc@aol.com>
To: "dpereda@oaklandcityattorney.org" <dpereda@oaklandcityattorney.org>
Cc: "bnisenbaum@gmail.com" <bnisenbaum@gmail.com>, "burris@lmi.net" <burris@lmi.net>

Hi David,

Attached please find the subpoena we discussed.

You have agreed to accept this subpoena by e-mail. If for any reason, you do not consider this to be appropriate service, please contact me immediately.

In addition, you are welcome to call me concerning any questions you may have concerning this document.

Thank you,

Jim Chanin

 **Subpoena to Produce Documents et. al Served 9.28.20.pdf**
4123K

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>                              Mon, Sep 28, 2020 at 3:54 PM
To: "James B. Chanin" <jbcofc@aol.com>
Cc: "dpereda@oaklandcityattorney.org" <dpereda@oaklandcityattorney.org>, "burris@lmi.net" <burris@lmi.net>

Hi David,

I put it in the mail today to you also.

Ben
[Quoted text hidden]

---

**Pereda, David** <DPereda@oaklandcityattorney.org>                    Thu, Oct 22, 2020 at 9:29 AM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Hi Ben,

I hope all is well.  Is there a protective order in place?  If not, would you agree to the N.D. Cal. standard order and that the production we make of the criminal file is subject to that order?  Thanks very much.

Sent from my iPhone

> On Sep 28, 2020, at 3:54 PM, Ben Nisenbaum <bnisenbaum@gmail.com> wrote:

[Quoted text hidden]

This is a confidential attorney-client communication. This email contains confidential attorney-client privileged information and is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments. [v1.3]

**Ben Nisenbaum** <bnisenbaum@gmail.com>                          Thu, Oct 22, 2020 at 9:55 AM
To: "Pereda, David" <DPereda@oaklandcityattorney.org>

I would agree to the standard ND protective order. We don't have one in place yet.

Thanks
Ben

Sent from my iPhone

> On Oct 22, 2020, at 12:29 PM, Pereda, David <DPereda@oaklandcityattorney.org> wrote:

 Hi Ben,
[Quoted text hidden]

# EXHIBIT C

 Gmail

## L.S., et al. v. Henderson, et al.
19 messages

---

Pereda, David <DPereda@oaklandcityattorney.org>            Mon, Nov 9, 2020 at 9:48 AM
To: "jbcofc@aol.com" <jbcofc@aol.com>, Ben Nisenbaum <bnisenbaum@gmail.com>

Dear Jim and Ben,

I write to confirm the key terms of our agreement concerning City of Oakland's production of materials underlying OPD's criminal investigation related to this matter. Please respond to confirm that I have correctly captured the key terms.

As for the short background that follows first, it is not meant to be exhaustive; I expect that in laying out the paces to this point, there are things you might add or characterize differently. At this time, there is no need for Plaintiffs to respond as to the background, as far as the City is concerned.

Relevant Background (from the City's Perspective)

On June 9, 2020, Plaintiffs sent a Public Records Act request for records from OPD's criminal investigation related to this matter, focusing on final-frame footage of the officer-involved shooting. I told you that OPD has no such footage and that I did not have authority to release any other materials because the City was concerned that doing so could impair an ongoing criminal investigation in its early stages.

On September 28, 2020, Plaintiffs sent a subpoena to the City for the same records. The City was prepared to produce responsive records. The District Attorney's Office, though, objected, citing concerns about impairing its unfinished investigation.

On October 28, 2020, as agreed upon by all parties, including the DA's Office, the City facilitated an inspection of a relevant vehicle in OPD's possession.

During this entire time, Plaintiffs diligently followed up with the City Attorney's Office to attempt to secure the release of the important information sought by their PRA request and subpoena.

Agreement

The parties agree as follows:

1. Today, the City will produce the materials underlying OPD's criminal investigation related to this matter.
2. The production is made subject to the Northern District's Model Protective Order for Standard Litigation. All the materials are designated as "Confidential" as defined and thus protected by that order, unless otherwise agreed upon by the parties—including the Alameda County DA's Office and OPD—or ordered by the Court. It makes sense that at some future point, OPD and the DA's Office may no longer have an interest in whether the materials are designated as "Confidential" and thus would no longer need to agree as to whether they are treated that way or not. The Court, of course, has the final say in how any records are treated.
3. Through December 31, 2020, the materials may be reviewed only by the parties' attorneys. After December 31, 2020, the materials will be treated as "Confidential" materials as described in the above paragraph.

Thanks very much.

Best,

David

This is a confidential attorney-client communication. This email contains confidential attorney-client privileged information and is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments. [v1.3]

---

Ben Nisenbaum <bnisenbaum@gmail.com>            Mon, Nov 9, 2020 at 10:52 AM
To: "Pereda, David" <DPereda@oaklandcityattorney.org>
Cc: jbcofc@aol.com

Hi David,

Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020.

Please confirm.

Thanks
Ben

Sent from my iPhone

> On Nov 9, 2020, at 9:48 AM, Pereda, David <DPereda@oaklandcityattorney.org> wrote:

[Quoted text hidden]

Pereda, David <DPereda@oaklandcityattorney.org>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: "jbcofc@aol.com" <jbcofc@aol.com>

Mon, Nov 9, 2020 at 10:56 AM

Thank you, Ben. The City agrees with this clarification.

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, November 9, 2020 10:52 AM
**To:** Pereda, David <DPereda@oaklandcityattorney.org>
**Cc:** jbcofc@aol.com <jbcofc@aol.com>
**Subject:** Re: L.S., et al. v. Henderson, et al.

[Quoted text hidden]
[Quoted text hidden]

Ben Nisenbaum <bnisenbaum@gmail.com>
To: "Pereda, David" <DPereda@oaklandcityattorney.org>
Cc: jbcofc@aol.com

Mon, Nov 9, 2020 at 12:00 PM

Thank you David

Sent from my iPhone

On Nov 9, 2020, at 10:56 AM, Pereda, David <DPereda@oaklandcityattorney.org> wrote:

[Quoted text hidden]

Ben Nisenbaum <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 2:46 PM

I should have been more specific and looked at my emails. This is the clarification re: terms of production of documents pursuant to the subpoena, as confirmed by David Pereda (excerpt, full string below):

Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020.

Ben
[Quoted text hidden]

Ben Nisenbaum <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 3:04 PM

Of course, the request to return the documents is outrageous (I understand the request is being made by the defense, not by the City). You have the terms of the agreed upon production, which was negotiated in lieu of litigation over the City of Oakland's production. I trust the City is not intending now, at this moot point after the deadline of 1/1/21 has passed, to renege on its agreement. I would view that as bad-faith and likely sanctionable.

But, if so, it is the City and the defense's obligation to seek intervention from the Court. It is not Plaintiffs' burden. I agreed to let the defense litigate a protective order, and will not disclose until that litigation is decided, as I agreed to. I didn't have to do that, but that appears to be the only path for Defendants to prevent disclosure of the identities of the involved officers, information, and facts revealed in the documents to be included in public filings, such as an Amended Complaint.

Be advised that if the City does attempt to renege on its agreement, I will pursue a sanctions motion against the City.

You have the agreement before you, in writing, and, to quote Mr. Pereda: "The City agrees with this clarification."

yours truly,
Ben
[Quoted text hidden]

Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 3:08 PM

Mr. Nisenbaum:

Mr. Pareda's agreement expressly states: "All the materials are designated as "Confidential" as defined and thus protected by that order, unless otherwise agreed upon by the parties—including the Alameda County DA's Office and OPD—or ordered by the Court."

Defendant Henderson is a party, and he does not agree. Nor has there been any showing that the Alameda County DA's Office and OPD agree as well. Perhaps the City of Oakland agreed, but its Police Department did not agree, as expressly required by the below term.

I respectfully suggest you consider signing the Model Agreement, as I set forth in my earlier email, and we can go about resolving things from that vantage point. It is clear the materials produced were intended to be subject to the Model Agreement, and Mr. McLaughlin also affirms that.

Thank you for your prompt attention to this matter.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>                Tue, Jan 5, 2021 at 3:17 PM
To: Ben Nisenbaum <brisenbaum@gmail.com>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Mr. Nisenbaum:

Through Mr. Pereda, the City may have agreed. But certainly, the parties did not (defendant Henderson), Alameda County DA, the Oakland Police Department, or the third-party officers who had their information wrongfully disclosed, without their consent. These parties were expressly conditioned to approve any changes to the confidentiality agreement. I kindly suggest you begin the meet and confer process, under the terms of the Model Agreement, which was the condition of the documents being produced to you. We can resolve everything more clearly that way, as the court has clearly contemplated.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

**From:** Ben Nisenbaum <brisenbaum@gmail.com>
**Sent:** Tuesday, January 5, 2021 3:05 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>

[Quoted text hidden]

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Ben Nisenbaum** <brisenbaum@gmail.com>              Tue, Jan 5, 2021 at 3:21 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

No, that is not the case. I did not agree to that. This is what was agreed to by the City and us. You could have intervened at any time, you had notice of the subpoena and made no effort to prevent disclosure, or to even respond to it:

"Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020."

that is the agreement in place. We have filed a stipulation that gives an added opportunity to contest disclosure of the identites of the officers involved in the shooting in public filings, such as an amended complaint, after December 31, 2020. So, now we follow that stipulation. The burden is on you to seek a protective order.

Also, please make sure to CC Mr. Chanin on all emails in this case: jbcofc@aol.com.

Ben

[Quoted text hidden]
[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Tue, Jan 5, 2021 at 3:27 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Dan,

Sorry, I sent the last email before reading this. This is just inaccurate. You had notice of the subpoena, you acknowledged receipt, and did nothing to intervene. That was your decision. Now, if you want relief, you need to go to the court to get relief. The stipulation we agreed to (which I didn't have to agree to), gives you a way to do that.

the condition of the subpoena production, which you keep ignoring, was that agreed to by Mr. Pareda. Your obligation, if you opposed production, was to object. You did not. So this agreement governs:

"Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020."

Ben
[Quoted text hidden]

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>        Tue, Jan 5, 2021 at 3:36 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Don't you think it would have been fair to involve me in this behind-the-scenes negotiation, about confidential information on the Officers I represent? It looks like you were very eager to make this deal on the down-low. I did not "acknowledge receipt of any subpoena," and would have liked to have notice of confidential information being produced if not blacked-out, as is customary. Plus, the OPD told me their report was not finalized.

I again ask that you begin the meet and confer process, as contemplated in the Model Order.

[Quoted text hidden]
[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Tue, Jan 5, 2021 at 3:46 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

I just sent you the email where you responded "Got it, thanks", to the email I sent with the subpoena on City of Oakland attached to it. Please, there was nothing down low about this and I resent the implication. You had full notice.

Here it is, copy-pasted, September 29th:

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>        Tue, Sep 29, 2020, 8:51 AM
to me

Got it, thanks.

--Dan

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, September 28, 2020 4:08:26 PM
**To:** Daniel B. Alweiss
**Subject:** Salgado subpoena issued to City of Oakland today

Hi Dan,

Please find attached a courtesy copy of a subpoena I served on City of Oakland today.

thanks,
Ben

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
                                                      Tue, Jan 5, 2021 at 4:01 PM

You sent an email, and I responded that I got it.  Where does it show you I "acknowledged the subpoena," or any notice that Oakland would be producing confidential records?

Anyhow, I will file the motion.

[Quoted text hidden]

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>, John Burris <John.burris@johnburrislaw.com>, John Burris <burris@lmi.net>
                                                      Tue, Jan 5, 2021 at 4:04 PM

Dan,

In any event, Judge Chabria signed the stip. His Order gives you until January 15th to get your protective motion filed.  That's the operative Order in the case. If you do not file a motion for a protective order, then I will go ahead and publicly file the Amended Complaint publicly identifying the involved officers and information and facts derived from the documents produced by the City of Oakland.

Please do not falsely represent in any motion you make that you were not timely served with the Subpoena Duces Tecum on the City of Oakland, that you somehow lacked the ability to intervene in it, or other specious baseless (and potentially defamatory) misrepresentations.

Ben

"PURSUANT TO STIPULATION, IT IS ORDERED that the last day to amend pleadings in this case shall be 30 days after the final ruling on defendant's motion as to the confidentiality of specific names ofCHP Officers in this case. That motion is due no later than 5:00 p.m. Friday, January 15, 2021. Dated: January 5, 2021 Hon. Vince Chabria U.S. DISTRICT COURT JUDGE"
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
                                                      Tue, Jan 5, 2021 at 4:05 PM

You possessed the subpoena, you had the opportunity to oppose it. You acknowledged receipt of the subpoena, that's what it means.

Ben
[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
                                                      Tue, Jan 5, 2021 at 4:18 PM

Looks like this subpoena is for a Juan Salgado.  Is that related to Eric Salgado, in this incident?

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
                                                      Tue, Jan 5, 2021 at 4:37 PM

My error, obviously no one was unclear as to what was requested or who it was requested of. Was there another Salgado the defendants killed on June 2, 2020 referred to as the "subject-incident"?

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
                                                      Tue, Jan 5, 2021 at 4:51 PM

Your discovery to Henderson focused a lot on Juan Salgado, and I did object to that as well.  I did not produce any responses as to him.

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
                                                      Tue, Jan 5, 2021 at 4:55 PM

Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

I noticed that. Not clear how that is relevant here.

[Quoted text hidden]

M Gmail

Ben Nisenbaum <bnisenbaum@gmail.com>

## L.S., et al. v. Henderson, et al.
19 messages

Pereda, David <DPereda@oaklandcityattorney.org>                                        Mon, Nov 9, 2020 at 9:48 AM
To: "jbcofc@aol.com" <jbcofc@aol.com>, Ben Nisenbaum <bnisenbaum@gmail.com>

Dear Jim and Ben,

I write to confirm the key terms of our agreement concerning City of Oakland's production of materials underlying OPD's criminal investigation related to this matter. Please respond to confirm that I have correctly captured the key terms.

As for the short background that follows first, it is not meant to be exhaustive; I expect that in laying out the paces to this point, there are things you might add or characterize differently. At this time, there is no need for Plaintiffs to respond as to the background, as far as the City is concerned.

<u>Relevant Background (from the City's Perspective)</u>

On June 9, 2020, Plaintiffs sent a Public Records Act request for records from OPD's criminal investigation related to this matter, focusing on final-frame footage of the officer-involved shooting. I told you that OPD has no such footage and that I did not have authority to release any other materials because the City was concerned that doing so could impair an ongoing criminal investigation in its early stages.

On September 28, 2020, Plaintiffs sent a subpoena to the City for the same records. The City was prepared to produce responsive records. The District Attorney's Office, though, objected, citing concerns about impairing its unfinished investigation.

On October 28, 2020, as agreed upon by all parties, including the DA's Office, the City facilitated an inspection of a relevant vehicle in OPD's possession.

During this entire time, Plaintiffs diligently followed up with the City Attorney's Office to attempt to secure the release of the important information sought by their PRA request and subpoena.

<u>Agreement</u>

The parties agree as follows:

1. Today, the City will produce the materials underlying OPD's criminal investigation related to this matter.
2. The production is made subject to the Northern District's Model Protective Order for Standard Litigation. All the materials are designated as "Confidential" as defined and thus protected by that order, unless otherwise agreed upon by the parties—including the Alameda County DA's Office and OPD—or ordered by the Court. It makes sense that at some future point, OPD and the DA's Office may no longer have an interest in whether the materials are designated as "Confidential" and thus would no longer need to agree as to whether they are treated that way or not. The Court, of course, has the final say in how any records are treated.
3. Through December 31, 2020, the materials may be reviewed only by the parties' attorneys. After December 31, 2020, the materials will be treated as "Confidential" materials as described in the above paragraph.

Thanks very much.

Best,

David

This is a confidential attorney-client communication. This email contains confidential attorney-client privileged information and is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments. [v1.3]

Ben Nisenbaum <bnisenbaum@gmail.com>                                                   Mon, Nov 9, 2020 at 10:52 AM
To: "Pereda, David" <DPereda@oaklandcityattorney.org>
Cc: jbcofc@aol.com

Hi David,

Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020.

Please confirm.

Thanks
Ben

Sent from my iPhone

> On Nov 9, 2020, at 9:48 AM, Pereda, David <DPereda@oaklandcityattorney.org> wrote:

[Quoted text hidden]

**Pereda, David** <DPereda@oaklandcityattorney.org>      Mon, Nov 9, 2020 at 10:56 AM
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: "jbcofc@aol.com" <jbcofc@aol.com>

Thank you, Ben. The City agrees with this clarification.

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, November 9, 2020 10:52 AM
**To:** Pereda, David <DPereda@oaklandcityattorney.org>
**Cc:** jbcofc@aol.com <jbcofc@aol.com>
**Subject:** Re: L.S., et al. v. Henderson, et al.

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Mon, Nov 9, 2020 at 12:00 PM
To: "Pereda, David" <DPereda@oaklandcityattorney.org>
Cc: jbcofc@aol.com

Thank you David

Sent from my iPhone

    On Nov 9, 2020, at 10:56 AM, Pereda, David <DPereda@oaklandcityattorney.org> wrote:

      [Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Tue, Jan 5, 2021 at 2:46 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

I should have been more specific and looked at my emails. This is the clarification re: terms of production of documents pursuant to the subpoena, as confirmed by David Pereda (excerpt, full string below):

Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020.

Ben

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Tue, Jan 5, 2021 at 3:04 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Of course, the request to return the documents is outrageous (I understand the request is being made by the defense, not by the City). You have the terms of the agreed upon production, which was negotiated in lieu of litigation over the City of Oakland's production. I trust the City is not intending now, at this moot point after the deadline of 1/1/21 has passed, to renege on its agreement. I would view that as bad-faith and likely sanctionable.

But, if so, it is the City and the defense's obligation to seek intervention from the Court. It is not Plaintiffs' burden. I agreed to let the defense litigate a protective order, and will not disclose until that litigation is decided, as I agreed to. I didn't have to do that, but that appears to be the only path for Defendants to prevent disclosure of the identities of the involved officers, information, and facts revealed in the documents to be included in public filings, such as an Amended Complaint.

Be advised that if the City does attempt to renege on its agreement, I will pursue a sanctions motion against the City.

You have the agreement before you, in writing, and, to quote Mr. Pereda: "The City agrees with this clarification."

yours truly,
Ben

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>      Tue, Jan 5, 2021 at 3:08 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Mr. Nisenbaum:

Mr. Pareda's agreement expressly states: "All the materials are designated as "Confidential" as defined and thus protected by that order, unless otherwise agreed upon by the parties—including the Alameda County DA's Office and OPD—or ordered by the Court."

Defendant Henderson is a party, and he does not agree. Nor has there been any showing that the Alameda County DA's Office and OPD agree as well. Perhaps the City of Oakland agreed, but its Police Department did not agree, as expressly required by the below term.

I respectfully suggest you consider signing the Model Agreement, as I set forth in my earlier email, and we can go about resolving things from that vantage point. It is clear the materials produced were intended to be subject to the Model Agreement, and Mr. McLaughlin also affirms that.

Thank you for your prompt attention to this matter.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>        Tue, Jan 5, 2021 at 3:17 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>, jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Mr. Nisenbaum:

Through Mr. Pereda, the City may have agreed. But certainly, the parties did not (defendant Henderson), Alameda County DA, the Oakland Police Department, or the third-party officers who had their information wrongfully disclosed, without their consent. These parties were expressly conditioned to approve any changes to the confidentiality agreement. I kindly suggest you begin the meet and confer process, under the terms of the Model Agreement, which was the condition of the documents being produced to you. We can resolve everything more clearly that way, as the court has clearly contemplated.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, January 5, 2021 3:05 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>

[Quoted text hidden]

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Tue, Jan 5, 2021 at 3:21 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

No, that is not the case. I did not agree to that. This is what was agreed to by the City and us. You could have intervened at any time, you had notice of the subpoena and made no effort to prevent disclosure, or to even respond to it:

"Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020."

that is the agreement in place. We have filed a stipulation that gives an added opportunity to contest disclosure of the identites of the officers involved in the shooting in public filings, such as an amended complaint, after December 31, 2020. So, now we follow that stipulation. The burden is on you now to seek a protective order.

Also, please make sure to CC Mr. Chanin on all emails in this case: jbcofc@aol.com.

Ben

[Quoted text hidden]
[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>               Tue, Jan 5, 2021 at 3:27 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Dan,

Sorry, I sent the last email before reading this. This is just inaccurate. You had notice of the subpoena, you acknowledged receipt, and did nothing to intervene. That was your decision.  Now, if you want relief, you need to go to the court to get relief. The stipulation we agreed to (which I didn't have to agree to), gives you a way to do that.

the condition of the subpoena production, which you keep ignoring, was that agreed to by Mr. Pareda. Your obligation, if you opposed production, was to object. You did not. So this agreement governs:

"Per our discussion just now, clarifying that while the documents to be produced today will remain confidential after December 31, 2020, information, facts and identities, including the identities of the officers involved in the shooting, revealed in the produced documents may be included in public filings, such as an amended complaint, after December 31, 2020."

Ben

[Quoted text hidden]

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>               Tue, Jan 5, 2021 at 3:36 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Don't you think it would have been fair to involve me in this behind-the-scenes negotiation, about confidential information on the Officers I represent?  It looks like you were very eager to make this deal on the down-low.  I did not "acknowledge receipt of any subpoena," and would have liked to have notice of confidential information being produced if not blacked-out, as is customary.  Plus, the OPD told me their report was not finalized.

I again ask that you begin the meet and confer process, as contemplated in the Model Order.

[Quoted text hidden]
[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>               Tue, Jan 5, 2021 at 3:46 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

I just sent you the email where you responded "Got it, thanks", to the email I sent with the subpoena on City of Oakland attached to it. Please, there was nothing down low about this and I resent the implication. You had full notice.

Here it is, copy-pasted, September 29th:

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>               Tue, Sep 29, 2020, 8:51 AM
to me

Got it, thanks.

--Dan

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, September 28, 2020 4:08:26 PM
**To:** Daniel B. Alweiss
**Subject:** Salgado subpoena issued to City of Oakland today

Hi Dan,

Please find attached a courtesy copy of a subpoena I served on City of Oakland today.

thanks,
Ben

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 4:01 PM

You sent an email, and I responded that I got it. Where does it show you I "acknowledged the subpoena," or any notice that Oakland would be producing confidential records?

Anyhow, I will file the motion.

[Quoted text hidden]

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>, John Burris <John.burris@johnburrislaw.com>, John Burris <burris@lmi.net>

Tue, Jan 5, 2021 at 4:04 PM

Dan,

In any event, Judge Chabria signed the stip. His Order gives you until January 15th to get your protective motion filed. That's the operative Order in the case. If you do not file a motion for a protective order, then I will go ahead and publicly file the Amended Complaint publicly identifying the involved officers and information and facts derived from the documents produced by the City of Oakland.

Please do not falsely represent in any motion you make that you were not timely served with the Subpoena Duces Tecum on the City of Oakland, that you somehow lacked the ability to intervene in it, or other specious baseless (and potentially defamatory) misrepresentations.

Ben

"PURSUANT TO STIPULATION, IT IS ORDERED that the last day to amend pleadings in this case shall be 30 days after the final ruling on defendant's motion as to the confidentiality of specific names of CHP Officers in this case. That motion is due no later than 5:00 p.m. Friday, January 15, 2021. Dated: January 5, 2021 Hon. Vince Chabria U.S. DISTRICT COURT JUDGE"

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 4:05 PM

You possessed the subpoena, you had the opportunity to oppose it. You acknowledged receipt of the subpoena, that's what it means.

Ben

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 4:18 PM

Looks like this subpoena is for a Juan Salgado. Is that related to Eric Salgado, in this incident?

[Quoted text hidden]

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 4:37 PM

My error, obviously no one was unclear as to what was requested or who it was requested of. Was there another Salgado the defendants killed on June 2, 2020 referred to as the "subject-incident"?

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

Tue, Jan 5, 2021 at 4:51 PM

Your discovery to Henderson focused a lot on Juan Salgado, and I did object to that as well. I did not produce any responses as to him.

[Quoted text hidden]

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

Tue, Jan 5, 2021 at 4:55 PM

Cc: jbcofc <Jbcofc@aol.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>

I noticed that. Not clear how that is relevant here.

[Quoted text hidden]

# EXHIBIT D

 Gmail

Ben Nisenbaum <bnisenbaum@gmail.com>

## Salgado, et al. v. Henderson, et al.

6 messages

McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>                    Mon, Jan 4, 2021 at 2:57 PM
To: "bnisenbaum@gmail.com" <bnisenbaum@gmail.com>

Dear Ben:

I am a deputy in the Oakland City Attorney's office, and picking up for David Pereda on a number of matters.

Today we received a subpoena from the AG's office in this case, for the same sort of investigative materials your office subpoenaed earlier. I understand that you were going to be filing the model protective order. I wanted to check in on the status of that and whether the AG has signed off on the protective order. Please let me know at your convenience.

Thanks,

Kevin

Kevin P. McLaughlin

Supervising Deputy City Attorney

Office of Oakland City Attorney Barbara J. Parker

One Frank H. Ogawa Plaza, Sixth Floor

Oakland, California 94612

Phone: (510) 238-2961

Fax: (510) 238-6500

Pronouns: he/him

This is a confidential attorney-client communication. This email contains confidential attorney-client privileged information and is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments. [v1.3]

Ben Nisenbaum <bnisenbaum@gmail.com>                                       Mon, Jan 4, 2021 at 3:12 PM
To: "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
Cc: jbcofc <Jbcofc@aol.com>, John Burris <John.burris@johnburrislaw.com>, "Daniel B. Alweiss"
<Daniel.Alweiss@doj.ca.gov>

Hi Kevin,

the AG, Dan Alweis, is prepping a motion for a protective order, actually. I am cc'ing him here. Our agreement with the earlier production was that it would be confidential until Jan. 1, when its confidentiality would expire, but no protective order was filed. We have agreed, and Mr. Alweis will file, a stipulation to enlarge time on the amendment of our Complaint while the Court considers his motion for a protective order, which should be filed soon.

Ben

[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>      Tue, Jan 5, 2021 at 10:04 AM
To: Ben Nisenbaum <bnisenbaum@gmail.com>, "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>
Cc: jbcofc <Jbcofc@aol.com>, John Burris <John.burris@johnburrislaw.com>

Good morning Mr. McLaughlin:

The AG's Office did not sign off on any protective order for the documents the City of Oakland produced to Mr. Nisenbaum's office on this matter. The first the AG's Office learned about the documents produced by the City of Oakland to Mr. Nisenbaum was about 1.5 weeks ago, in a telephone call with Mr. Nisenbaum. This is the first I am learning about a protective order related to the documents produced by the City of Oakland. I will telephone you this afternoon to discuss this issue. Thank you for your attention to this matter.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Tue, Jan 5, 2021 at 12:21 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: "McLaughlin, Kevin" <KMcLaughlin@oaklandcityattorney.org>, jbcofc <Jbcofc@aol.com>, John Burris
<John.burris@johnburrislaw.com>

To be clear, Mr. Alweiss was served the subpoena for the documents to the City of Oakland on September 28th, and acknowledged receipt of the subpoena the following day on September 29th. He never objected or sought to intervene in the subpoena in any way.

Ben

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Mon, Jan 18, 2021 at 12:15 PM
To: jbcofc <Jbcofc@aol.com>

[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: jbcofc <Jbcofc@aol.com>

Mon, Jan 18, 2021 at 12:18 PM

[Quoted text hidden]

.

# EXHIBIT E

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Rule 11 concerns re: Defendants Motion for Protective Order and Motion to Quash

Ben Nisenbaum <bnisenbaum@gmail.com>
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
Cc: John Burris <John.burris@johnburrislaw.com>, John Burris <burris@lmi.net>, jbcofc <Jbcofc@aol.com>

Mon, Jan 18, 2021 at 1:10 PM

Dan,

I read your motion and declarations today. I am deeply concerned at some of the outrageous lies and baseless speculative conclusions you assert baselessly and in violation of Rule 11.I thought we had ironed out any misperceptions you may have had in writing in our emails.  But you then made false representation and material omissions in the motion you filed on Friday, which I read this morning, particularly concerning the timely service of the subpoena upon you.This  is only one of the issues, but it is a primary issue.

I will address the other issues either in our opposition to your motion or in a separate meet and confer (for example, there is no independent evidence of any of the assertions made by Defendant Henderson, our investigator was not at his house shortly after the incident, the implication that we got Henderson's name and were somehow responsible for it being published, all untrue.  Whether Henderson had to move, or faced any of the issues he claims I have no idea whether those are true, all you offer is his word. Claiming my investigator was at his house shortly after the incident is untrue, and so many other assertions that require foundational evidence beyond simply taking his word for it).

<u>Your Declaration:</u>

Your declaration falsely claims at Paragraph 7 that the subpoena at issue was never served on you, because the subpoena commanded production on September 27 at 2:51 p.m., while you acknowledge I emailed you the subpoena at 4:08 p.m. on September 27.  Then, you failed to include in your declaration the email of September 27th, with the subpoena attached.  In fact, you implicitly accuse me of deception in your motion, of having somehow served the subpoena a month earlier, and waiting until September 27th to notify you.  That's a flat out lie, if that was your intention, and I am well-certain you know it. In fact, the date and time on the subpoena for compliance auto-populated as the then-current date and time of when I filled in the subpoena on line.   If you had any question about that (apart from my message that said I served the subpoena on the City of Oakland "today"), you could have noted the date I signed the subpoena (9/28/2020) and/or read the proof of service attached to the subpoena, which was dated 9/28/20.

Of course, you responded to my email with the subpoena the same day, 9/28, saying "Got it, thanks".  We met and conferred over your recent belated claim that you had not acknowledged receipt of the subpoena. As I told then, if you misrepresent this issue to the Court about you being timely notified of the service of the supoena on Oakland, I would seek sanction under Rule 11.

Unfortunately, while you are taking a slightly different tactic, the bottom line is the same and even worse: You are now falsely claiming I served the subpoena month before serving it on you, to somehow prevent you from intervening or moving to quash it then. Nothing could be further from the truth. I am attaching hereto the email of service on David Pereda which is also 9/28, with the subpoena that was attached to it attached to this email as well.

It appears that you are trying to dishonestly make me a straw man for your failure to intervene in the subpoena.  I do not view it as an honest mistake on your part after our email meet and confers on this very issue. It looks more like you are trying find a different angle that might excuse your failure to move against the subpoena. But the meaning in your email of "Got it, thanks", dated 9/29/2020 at 8:51 a.m. is unambiguous, as is the date of service of the subpoena. When I said the subpoena was served on Oakland "today" (the day of the email I sent you, 9/28), that was reality, and any reasonable look at it on your end would confirm that.

So, it is now incumbent on you to correct the record you falsely made before the Court, under pain of Rule 11 sanctions. If you were well-intentioned and this was a mere oversight in your review of the materials, you will make the appropriate corrections to the Court immediately.  If you do not correct the record, it is only further evidence that you are making false arguments about your timely receipt of the subpoena to the Court.

There are other issues, but this one is beyond the pale.  Correct your false and what appears to be intentionally deceptive claims about the timely service of the subpoena now.

Consider this my effort to meet and confer on this issue. If you wait for me to raise it in my opposition, you'll soon after that be in receipt of a sanctions motion under Rule 11. You are on full notice.

yours truly,
Ben

**3 attachments**

 **Salgado Supboena email Oakland.rtf**
2K

 **Salgado Subpoena Email Chanin.rtfd.zip**
1K

**Subpoena to Produce Documents et. al Served 9.28.20 (1).pdf**
4123K

# EXHIBIT F

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

---

## Salgado Doc Reqs, Subpena, and Initial Disclosures
12 messages

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>                                    Fri, Oct 30, 2020 at 3:52 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

Dan,

I sent the attached in the mail to you today: Plaintiffs initial disclosure, Set one of Document requests to Henderson, and a subpoena Duces Tecum on the California Highway patrol. Please confirm that you will accept service on behalf of the Highway patrol for the Subpoena Duces Tecum.

When can I expect your initial disclosures?

thanks,
Ben

---

**4 attachments**


**LS et al v HENDERSON Subpoena.pdf**
2598K


**Salgado SDT CHP.docx**
34K


**Salgado RPD Henderson.docx**
35K


**Salgado IDs.docx**
34K

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>                          Mon, Nov 2, 2020 at 12:06 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Working on the FRCP 26 disclosure now...

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>                                    Mon, Nov 2, 2020 at 12:30 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

thanks
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>                                    Mon, Nov 2, 2020 at 12:33 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

and you'll accept service for the CHP subpoena?
[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>      Mon, Nov 2, 2020 at 1:35 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

I think so, but need to get client confirmation.

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Mon, Nov 2, 2020 at 1:57 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

okay, let me know.
[Quoted text hidden]

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>      Mon, Nov 2, 2020 at 2:13 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Awaiting approval to release CHP officer names (and the actual names).  May need another day or two on the disclosures.

--Dan

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Mon, Nov 2, 2020 at 2:23 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

No problem, I'll be waiting.

Sent from my iPhone

> On Nov 2, 2020, at 2:13 PM, Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>      Mon, Nov 2, 2020 at 2:23 PM
To: Chanin's Office <jbcofc@aol.com>

FYI

Sent from my iPhone

Begin forwarded message:

> **From:** "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
> **Date:** November 2, 2020 at 2:13:40 PM PST
> **To:** Ben Nisenbaum <bnisenbaum@gmail.com>
> **Subject: RE:  Salgado Doc Reqs, Subpena, and Initial Disclosures**

[Quoted text hidden]

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>        Mon, Nov 2, 2020 at 2:39 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Once you want to name and serve them, I will ask for approval to accept service on their behalf.

[Quoted text hidden]
[Quoted text hidden]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Mon, Nov 2, 2020 at 2:54 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

Sure, but I'm asking re: subpeona duces recumbent on CHP I sent you last week. Will you accept service on that?

Sent from my iPhone

> On Nov 2, 2020, at 2:39 PM, Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:
>

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Mon, Jan 4, 2021 at 3:24 PM
To: jbcofc <Jbcofc@aol.com>


---------- Forwarded message ---------
From: **Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
[Quoted text hidden]
[Quoted text hidden]

# EXHIBIT G

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Salgado v. DOES 1-25: FRCP 26 Disclosures
2 messages

**Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>**        Mon, Nov 2, 2020 at 3:15 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Ben:  I need to talk to you about the names of other CHP officers.  We need a protective order.


--Dan


Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland,  CA  94612-0550

Tel:  510-879-0005



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Ben Nisenbaum <bnisenbaum@gmail.com>**        Mon, Nov 2, 2020 at 3:39 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

on what basis?  The strong authority is in favor of public disclosure.
[Quoted text hidden]

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Salgado v. DOES 1-25: FRCP 26 Disclosures
2 messages

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>                    Mon, Nov 2, 2020 at 3:15 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Ben:  I need to talk to you about the names of other CHP officers.  We need a protective order.

--Dan

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21ˢᵗ Fl.

Oakland,  CA  94612-0550

Tel:  510-879-0005

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Ben Nisenbaum** <bnisenbaum@gmail.com>                    Mon, Nov 2, 2020 at 3:39 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

on what basis?  The strong authority is in favor of public disclosure.

On Mon, Nov 2, 2020 at 3:15 PM Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

Ben:  I need to talk to you about the names of other CHP officers.  We need a protective order.

--Dan

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT H

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

## Authority to disclose officers identities
4 messages

**Ben Nisenbaum** <bnisenbaum@gmail.com>             Mon, Nov 2, 2020 at 4:22 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

You asked for authority, here you go.

https://www.calpublicagencylaboremploymentblog.com/public-safety-issues/california-supreme-court-holds-names-of-police-officers-involved-in-shooting-are-subject-to-disclosure-under-the-public-records-act/

*Long Beach Police Officer's Association v. City of Long Beach*, 59 Cal. 4th 59 (Cal. 2014)

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>            Tue, Nov 3, 2020 at 9:51 AM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Thanks, I will look at this state court case today.

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>            Wed, Nov 4, 2020 at 2:47 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>

Ben:  I analyzed this case and we can discuss when you have time.  Thank you.

--Dan

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Monday, November 2, 2020 4:23 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Subject:** Authority to disclose officers identities

You asked for authority, here you go.

https://www.calpublicagencylaboremploymentblog.com/public-safety-issues/california-supreme-court-holds-names-of-police-officers-involved-in-shooting-are-subject-to-disclosure-under-the-public-records-act/

*Long Beach Police Officer's Association v. City of Long Beach*, 59 Cal. 4th 59 (Cal. 2014)

[Quoted text hidden]

**Ben Nisenbaum** <bnisenbaum@gmail.com>        Wed, Nov 4, 2020 at 3:00 PM
To: "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>

do you have a response apart from providing the names? Not sure what needs to be talked about. Feel free to call me anytime: (510) 282-3390.

[Quoted text hidden]

# EXHIBIT I

Case 3:20-cv-04637-WC Document 18 Filed 01/28/21 Page 50 of 58

NEWS › CRIME AND PUBLIC SAFETY

# CHP officer who shot at Erik Salgado in Oakland had prior fatal shooting on his record

Sgt. Richard Henderson, an undercover highway patrol officer, moved north after a 2016 fatal sideshow shooting

By **DAVID DEBOLT** | ddebolt@bayareanewsgroup.com | Bay Area News Group
PUBLISHED: August 8, 2020 at 5:00 a.m. | UPDATED: August 8, 2020 at 4:17 p.m.

OAKLAND — Just days after protests erupted nationwide over the police killing of George Floyd in Minneapolis, California Highway Patrol officers shot and killed an apparently unarmed Oakland man following a traffic stop. The community outrage that quickly built around the killing was compounded by the CHP's refusal to say anything about the circumstances of the shooting or the officers involved.

Now the Bay Area News Group has learned that one of the officers was Sgt. Richard Henderson, who had shot and killed another unarmed young man in a strikingly similar incident in Southern California four years earlier. Law enforcement investigators cleared him in the earlier shooting, but the judge in an ongoing civil lawsuit has suggested Henderson and his partner may have used excessive force.

"I find it disturbing," said civil rights attorney John Burris, who is representing the family of the Oakland shooting victim, when told of Henderson's track record. "The question is, has he been properly evaluated or trained, or has he been given free latitude to engage in this wild shooting?"

The revelation about Henderson adds significant context to what little is publicly known about the June 6 killing of Erik Salgado, 23. To date information about the shooting has come only from Burris, and from a brief statement issued three days after the incident by Oakland police, who are investigating the shooting alongside the Alameda County District Attorney's Office.

According to OPD, CHP officers that night spotted a red Dodge Challenger SRT Hellcat driving recklessly. They checked the license plate, identifying it as one of 74 vehicles stolen days earlier from a San Leandro dealership, and stopped the car.

Authorities have said Salgado rammed the unmarked CHP vehicles, and three officers responded by pumping 40 shots at the Challenger, with one firing through the windshield. Salgado was killed instantly, and his passenger and girlfriend, Brianna Colombo, also 23, was wounded. Burris said Salgado and Colombo were cornered and may not have realized the vehicles pursuing them were law enforcement.

Burris said Salgado's body was riddled with 18 gunshot wounds, and "that's just what we could count." Thirteen bullets appeared to have struck him in the back, he said.





OAKLAND, CA – JUNE 08: A photo of Erik Salgado is seen at a memorial where he was shot in the 9600 block of Cherry Street in Oakland, Calif., on Monday, June 8, 2020. Salgado, 23, was shot and killed by California Highway Patrol (CHP) officers and his pregnant girlfriend was wounded on June 6. (Jane Tyska/Bay Area News Group)

"This was a wrongful, outrageous shooting," Burris said. "No officer was in danger that would justify the high-level use of force. This at best was a car theft."

Two law enforcement sources identified Henderson to this news organization as one of the officers involved but did not name the other two officers.

It is not the first time Henderson has faced such scrutiny. In July 2016, he and his CHP partner at the time shot to death Pedro Villanueva, 19, in the Orange County city of Fullerton.

The shootings of Villanueva and Salgado are strikingly similar, according to records of the earlier incident reviewed by this news organization. Both were unarmed Latino men inside vehicles that had been pursued by CHP undercover units. Attorneys and family members of both men have questioned if they realized the detectives were police before they were shot numerous times.



1/25/2021 CHP officer who shot at Erik Salgado in Oakland had prior fatal shooting on his record – The Mercury News

Case 3:20-cv-04637-VC Document 18 Filed 01/28/21 Page 52 of 58



Pedro Villanueva, 19, sits on the back of his family's Chevrolet Silverado. Villanueva was shot and killed by California Highway Patrol officers in July 2016. (Courtesy of Kiesel Law LLP)

After the Southern California shooting, public records show Henderson moved to Northern California and continued working in an undercover CHP unit, now as a sergeant. Attempts to reach Henderson were unsuccessful, and a note left at his home earlier this week went unanswered.

CHP declined to comment for this story, but a spokesperson did confirm that Henderson is a current CHP employee assigned to Golden Gate Division in the Bay Area, beginning on April 1, 2018.

Although state public records law requires law enforcement agencies to release identities of officers involved in fatal shootings, CHP cited an exemption that allows agencies to withhold the names in cases where disclosure could create a danger to the officers. However, CHP — an agency with a long history of withholding public records — has declined to provide details about threats against the officers, as the law requires.

Much more is known about Henderson's role in the Villanueva shooting, as a civil lawsuit by Villanueva's family against Henderson, his partner, Sgt. John Cleveland, and the CHP inches closer to a possible jury trial. But critical questions about the shooting remain in dispute.

On July 3, 2016, Henderson and Cleveland were working undercover with the Southern Division Investigative Services Unit, monitoring a small sideshow in a Santa Fe Springs swap meet parking lot. Villanueva was in his red Chevrolet pickup truck with a friend, Francisco Orozco Jr., and as part of the sideshow made an "illegal maneuver," according to court records.

The undercover cops attempted to stop Villanueva, but he drove away, hitting speeds of 50 to 70 mph as he headed toward Fullerton. Cleveland cut off the lights and sirens of their vehicle as he and Henderson trailed Villanueva, and called for police backup while Villanueva ran at least three red lights, the officers testified. Orozco later testified that he and Villanueva did not think the unmarked Ford Taurus pursuing them was a police car, describing its lights as "orange" and its siren as making a "short screeching noise not typical of a police siren."

Villanueva stopped on a dead-end residential street near the Fullerton Municipal Airport, and then turned his car around to face the Taurus. The two sides disagree about what happened next, with officers insisting their lives were in danger as the pickup truck headed toward their car, and Orozco and a third-party witness saying there was no such threat.





The red Chevrolet Silverado truck Pedro Villanueva, 19, was in when he was shot and killed by California Highway Patrol officers in July 2016, is riddled with bullet holes. (Courtesy of Kiesel Law LLP)

Cleveland and Henderson got out of the car, and immediately drew their firearms. Henderson said he yelled "police" and commanded Villanueva to show his hands. The truck began to roll forward, with its tires turned in the direction of Cleveland, who stood at the driver's side of the Taurus. Henderson would later tell investigators he feared Villanueva was going to run over his partner.

Henderson fired 12 times and Cleveland fired twice, wounding the 19-year-old Villanueva in the head, neck and torso.

But Orozco testified that the truck began to roll forward at a speed of less than five miles per hour, and that there was more than enough space for Villanueva to pass the Taurus and continue down the street, according to a summary of the shooting a judge in the civil case wrote last year. Neither side disputes the truck was moving slowly.

A witness testified they thought that Villanueva and Orozco were "being jacked," or robbed. Multiple witnesses also said they heard Henderson say "stop motherf—er" before the shooting; Orozco said he only heard "police" and did not see police insignia on the officers' vests until after the shots were fired.

On Jan. 10, 2017, the Orange County District Attorney's Office cleared Henderson and Cleveland of criminal wrongdoing.

The Villanueva family's lawsuit is now under review in California appellate court, after U.S. District Judge Josephine L. Staton refused to dismiss the case, as requested by attorneys representing the CHP. In an order written last year, Staton wrote "it is heavily disputed whether Henderson and Cleveland told Villanueva to stop the car before the shooting or gave him sufficient time to respond."

"Viewing the facts in the light most favorable to the Plaintiffs, a reasonable jury could conclude that Cleveland and Henderson employed excessive force when they shot Villanueva and Orozco," the judge wrote.

In the case of Salgado's death, Burris, along with attorneys Benjamin Nisenbaum and James Chanin, have sued CHP and are awaiting more details about what happened on the night of June 6.

According to the lawsuit, Salgado tried to pass one of the unmarked CHP cars in the 9600 block of Cherry Street but slightly bumped it, before backing up and hitting a car behind him. It is unclear if Salgado knew he was surrounded by police officers.

The Salgado family's attorneys say one of the officers then got out of their car and stood in front of the Dodge, and the others were positioned on either side of the car. The plainclothes officer yelled for Salgado to turn off the car's engine and later began firing through the windshield without warning, Burris said, while two other officers fired from the sides of the car.

"This kid was not wanted for murder or a serious offense," Burris said in an interview. After looking at the shooting scene, Burris said it was clear "there was no regard for the people in that neighborhood."



"It was a horrible display of police power," he said.

Report an error
Policies and Standards
Contact Us

 The Trust Project

Tags:  *California Highway Patrol*,  *Crime*,  *East Bay Crime*,  *PM Report*,  *Police Shootings*,  *Regional*

### David DeBolt | Senior breaking news reporter

David DeBolt is a senior breaking news reporter for the San Jose Mercury News and the East Bay Times of Oakland. Over the past decade, DeBolt has covered the deadly San Bruno PG&E pipeline explosion, police and government corruption, California wildfires and Oakland City Hall. He was part of the East Bay Times staff honored with the 2017 Pulitzer Prize for coverage of the Ghost Ship warehouse fire.

ddebolt@bayareanewsgroup.com

Follow David DeBolt @daviddebolt



SPONSORED CONTENT
### Ben Stiller's Wife Is Now 205lbs And Looks Insane
By WoahWorld

SUBSCRIBE TODAY!
ALL ACCESS DIGITAL OFFER FOR JUST 99 CENTS!



# EXHIBIT J

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

---

## Salgado FAC

---

**Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>                    Wed, Sep 9, 2020 at 4:48 PM
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: jbcofc <Jbcofc@aol.com>, John Burris <John.burris@johnburrislaw.com>, John Burris <burris@lmi.net>

   Ben:  I can accept service on behalf of CHP Sgt. Henderson.  Any upcoming due dates that I need to know of, outside of responsive pleading due in 21 days?  Thanks.


  --Dan

[Quoted text hidden]
[Quoted text hidden]

# EXHIBIT K

 Gmail

**Ben Nisenbaum <bnisenbaum@gmail.com>**

---

## Call re CID File
3 messages

---

**Pereda, David** <DPereda@oaklandcityattorney.org>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: "jbcofc@aol.com" <jbcofc@aol.com>

Fri, Nov 6, 2020 at 8:53 AM

Hi Ben,

I just spoke with Jim.   I think we're close to resolving this issue.  Do you have time for a quick call today?  I'm pretty free except from 9:30-10:30 a.m. and 1:00-2:00 p.m.

This is a confidential attorney-client communication. This email contains confidential attorney-client privileged information and is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments. [v1.3]

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>
To: "Pereda, David" <DPereda@oaklandcityattorney.org>
Cc: "jbcofc@aol.com" <jbcofc@aol.com>

Fri, Nov 6, 2020 at 9:19 AM

Hi David,

I too just talked to Jim.  To confirm, you will produce the documents on Monday under protective order, and they will remain attorneys eyes only until January 1, when the confidential designation shall expire.  As I understand Jim told you, we are required by Judge Chhabria to amend the Complaint to name the individual defendants by January 22nd.

Thank you much,
Ben

[Quoted text hidden]

---

**Pereda, David** <DPereda@oaklandcityattorney.org>
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: "jbcofc@aol.com" <jbcofc@aol.com>

Fri, Nov 6, 2020 at 9:30 AM

Yes, I will send a confirmatory email.  Meanwhile, I want to clarify that after Dec. 31, the materials remain subject to the standard model PO.  OPD is marking those materials as "confidential" as defined and thus protected by that order.  So the materials would not be for attorneys' eyes only, but they would have to be filed under seal, used only for the lawsuit's purposes, etc., unless, of course, the parties agree or the Court orders otherwise.

---

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Friday, November 6, 2020 9:19 AM
**To:** Pereda, David <DPereda@oaklandcityattorney.org>
**Cc:** jbcofc@aol.com <jbcofc@aol.com>
**Subject:** Re: Call re CID File

[Quoted text hidden]
[Quoted text hidden]