XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
DANIEL B. ALWEISS
Deputy Attorney General
State Bar No. 191560
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
 Telephone:  (510) 879-0005
 Facsimile:  (510) 622-2270
 E-mail: Daniel.Alweiss@doj.ca.gov
*Attorneys for Defendant CHP Sgt. Richard Henderson
and Specially Appearing Defendants Unnamed Officer Nos. 1-8*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **L.S. individually and as Successor-in Interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ, Mother of decedent,**<br><br>Plaintiff,<br><br>v.<br><br>**RICHARD HENDERSON, individually; DOES 2-25, inclusive,**<br><br>Defendants. | Case No. 3:20-cv-04637-VC<br><br>**SUPPLEMENTAL BRIEF SUPPORTING MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH; *EX PARTE* REQUEST TO APPEAR ANONYMOUSLY**<br><br>[Fed. R. Civ. P 26(c) & 45(d)(3)(A)(i,iii,iv)]<br><br>Date:  N/A<br>Time:  N/A<br>Courtroom:  4, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Trial Date:    March 28, 2022<br>FAC Filed:    September 3, 2020 |

## INTRODUCTION

The Court has permitted Defendants to file a supplemental brief addressing cases where a federal court has withheld publicly disclosing the name of a law enforcement officer who is a defendant in a lawsuit.  As the following cases clarify, federal courts routinely allow named party-defendant officers to appear and answer under a badge number or pseudonym, in section 1983 civil rights cases in federal court.

1

1   Although these cases mostly relate to undercover officers' identities being withheld, the

2   logic of safety and security concerns to the officers for withholding those names, applies equally

3   to the officers in this case.

4   Defendants also request this Court consider Defendants' request to appear anonymously in

5   this case under *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000),

6   as an *ex parte* request to appear anonymously.  Fed. R. Civ. P. 16(b) and 26(c).

7   Defendants are also submitting documents for this Court's *in camera* review, pursuant to its

8   order of February 25, 2021.

9
    **I.  CIVIL RIGHTS 42 U.S.C. SECTION 1983 CASES AGAINST LAW ENFORCEMENT
10      OFFICERS AS DEFENDANTS AND THEIR TRUE IDENTITIES ARE NOT DISCLOSED.**

11   1.   *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403

12   U.S. 388.  The District Court ordered the complaint served upon "those federal agents who it is

13   indicated by the records of the United States Attorney participated in the November 25, 1965,

14   arrest of the (petitioner)."  The case moved forward against 6 unidentified FBI agents as

15   defendants.

16   2.   *Adams v. City of New York and Undercover Officer No. C0098*, 993 F.Supp.2d 306

17   (E.D.N.Y. 2014).  Law enforcement undercover officer was a named party-defendant in the

18   Complaint, and allowed to appear in the case as "Undercover Police Officer No. C0098."

19   (Complaint attached as Ex. A.)  The officer was required to testify in open court, although his true

20   identity would "remain unknown."  This case was cited by Defendants in their moving papers and

21   directly referenced in oral argument on February 25, 2021, to evidence a case of a party-

22   defendant officer's name not being disclosed in a civil case.

23   2.   *Wisdom v. Undercover Police Officer No. C0127, Det. Alex Rosario, Det. Mark*

24   *Holder*, 879 F.Supp.2d 339 (E.D.N.Y. 2012).  Law enforcement undercover officer was a named

25   party-defendant in the Complaint, and allowed to appear in the case as "Undercover Police

26   Officer No. C0127."  (Complaint attached as Ex. B.)  That officer-defendant was permitted to

27   observe the trial from outside the courtroom, and have "discrete arrival and departure from the

28   courthouse."

2

Suppl. Brief Supp. Mot. for a Prot. Order & Mot. to Quash;
*Ex Parte* Req. to Appear Anonymously (Case No.: 3:20-cv-04637-VC)

3.      *Serrano v. City of New York, a Municipal Entity, ... Undercover Cop 0114, Undercover Cop 0244,* 793 Fed.Appx. 29, 31 (2d Cir. 2019).  Law enforcement officers were named as party-defendants in the Complaint, and appeared in the case as "Undercover Cop 0114" and "Undercover Cop 0244."

4.      *Garnett v. Undercover Officer C0039, Individually and in his official capacity, Defendant–Appellant–Cross–Appellee, Undercover Officer C0243, Individually and in his official capacity, Defendant–Appellee, City of New York, et al,* 838 F.3d 265, 268 (2d Cir. 2016).  Law enforcement officers were named as party-defendants in the Complaint, and appeared in the case through jury trial as "UC 39" and "UC 243."

5.      *Phillips v. Joseph Eppolito, Detective # 00295; John DOE, Undercover Officer # 6003; New York City Police Department; and Manhattan South Narcotics Division,* (S.D.N.Y., Sept. 16, 2004, No. 02 CIV. 5662 (DLC)) 2004 WL 2071865.  Law enforcement officers were named as party-defendants in the Complaint, and appeared in the case through summary judgment as "Undercover Officer."

6.      *Gadsden v. City of New York Detective Ryan Lane, Undercover Officer #109,* (E.D.N.Y., Sept. 15, 2017, No. 14CV6687(RJD)(RER) 2017 WL 5178439.  Law enforcement officers were named as party-defendants in the Complaint, and one officer appeared in the case through summary judgment as "Undercover Officer."

**II.  CIVIL RIGHTS 42 U.S.C. SECTION 1983 CASE AGAINST LAW ENFORCEMENT AND NON-PARTY WITNESS OFFICER'S TRUE IDENTITY IS NOT DISCLOSED.**

*MacNamara v. City of New York, 249 F.R.D. 70, 96 (S.D.N.Y. 2008).*  Law enforcement undercover officer referenced by shield number or with a pseudonym.  To the extent a police department defendant determined "that the disclosure of any such information would pose a risk to the personal safety of an undercover officer or to an ongoing investigation [it] may seek an order permitting them to identify any such officer solely by his or her 'shield number' or with a pseudonym, as well as any additional protective measures that, in defendants' view, should be adopted by the Court."

///

3

### III. CRIMINAL CASES WHERE OFFICER IDENTITY WAS WITHHELD.

1. *United States v. Bundy* (D. Nev., No. 2:16-CR-46-GMN-PAL) 2017 WL 521613, Feb. 7, 2017. Issue of disclosure of an FBI undercover agent's identity in litigation. Protective order granted, and undercover officer's name not disclosed at trial. This was a criminal case and a law enforcement officer was not a party.

2. *Ayala v. Speckard*, 131 F.3d 62, 72 (2d Cir. 1997). Courtroom closed during testimony of undercover officer. "The state interest in maintaining the continued effectiveness of an Undercover Officer is an extremely substantial interest." This was a criminal case and a law enforcement officer was not a party.

### IV. DEFENDANTS HAVE MADE A SUFFICIENT SHOWING TO GRANT A REQUEST TO APPEAR ANONYMOUSLY, <u>AT THIS TIME</u>.

The Ninth Circuit permits a party to use pseudonyms "when identification creates a risk of retaliatory physical or mental harm." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In such cases, this Court should use its powers under Fed. R. Civ. P. 16(b) and 26(c), to limit disclosure of a party's name.

Where "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.*, internal citation omitted.

Anonymity should be allowed "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* The opposing party must show specific prejudice from the anonymity, and how doing so would adversely affect the public interest. *Id.*

Here, Sgt. Henderson has shown that he has been marked by Border Brothers' gang members for severe physical harm. This is reasonable based on what was reported from the Alameda County Sheriff's Office Gang Task Force from Santa Rita Jail, and the fact that Sgt. Henderson shot at a known Border Brothers' gang member. Sgt. Henderson and his family are vulnerable to these threats since he has already experienced harassment at his personal residence, and had his home under surveillance by unknown individuals. (E.g. Las Vegas Police Officer

4

1    shot in the head at a BLM protest in June, 2020; Two Los Angeles County Sheriff's Deputies shot

2    in Compton, while sitting in their patrol car, in September, 2020. *The Guardian* (U.S. ed.), Oct.

3    31, 2020.)  Naming other CHP officers as defendants will most likely force them to face the same

4    dangerous threats as Sgt. Henderson.

5        Plaintiffs have shown no prejudice, at this stage in the litigation, to allowing the officers to

6    appear by pseudonyms.  This is especially so since Defendants have indicated a willingness to re-

7    visit this issue later in the case.

8        Likewise, there is no showing that "disguising [officers'] identities will obstruct public

9    scrutiny of the important issues in this case." *Does I thru XXIII*, 214 F.3d at 1072.  This is a civil

10   case for a private injury, which is also being investigated by the Alameda County District

11   Attorney's Office.  Plaintiffs fail to show any evidence that using pseudonyms to protect the

12   officers at this stage of the case will adversely impact the public interest.  This is especially true

13   here, since an independent criminal investigation by the District Attorney's Office the defendants

14   has been ongoing.  That investigation ensures the utmost of public scrutiny.

15       Contrary of undermining public interest, using pseudonyms at this stage in the case favors

16   the public interest based on the clear retaliatory dangers to the officers for killing a known gang

17   member, and the protection of law enforcement from organized crime.  The public has a strong

18   interest in the enforcement of law, and to the extent the officers face retaliation in their personal

19   lives from being disclosed in this case, such will chill law enforcement when it comes to

20   organized crime, with gang members, that can affect their personal lives.

## CONCLUSION

22       Federal courts have routinely allowed officer-defendants to appear in cases under an Officer

23   Number or pseudonym.

24       Defendants have made a sufficient showing for this court to grant their request to appear

25   anonymously in this case, <u>at this stage of the litigation</u>.

26   ///

27   ///

28   ///

5

1   Dated:  March 2, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,
XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General

*/s/ Daniel B. Alweiss*

DANIEL B. ALWEISS
Deputy Attorney General
*Attorney for Def. CHP Sgt. Richard*
*Henderson and Specially Appearing*
*Defendants Unnamed Officer Nos. 1-8*

6

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SEAN ADAMS,

                             Plaintiff,

           -against-

THE CITY OF NEW YORK, DET. BRIAN MCSWEENEY,
Shield No. 3038, Individually and in his Official Capacity,
UNDERCOVER OFFICER "SMITH," Individually and in
his Official Capacity and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                             Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MA**CV 11 - 2567**

**JURY TRIAL DEMANDED**

BROOKLYN OFFICE

**ECF CASE**

JOHNSON

GOLD, M.J.

       Plaintiff, Sean Adams, by his attorney, Jon L. Norinsberg, complaining of the defendants,
respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of the

City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department,

a duly authorized public authority and/or police department, authorized to perform all functions of

a police department as per the applicable sections of the New York State Criminal Procedure Law,

acting under the direction and supervision of the aforementioned municipal corporation, the City of

New York.

9.      At all times hereinafter mentioned, the individually named defendants, DET. BRIAN

MCSWEENEY, UNDERCOVER OFFICER "SMITH" and P.O.s "JOHN DOE" #1-10, were duly

sworn police officers of said department and were acting under the supervision of said department

and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.    On January 19, 2011, at approximately 3:00 p.m., plaintiff SEAN ADAMS was serving as a juror on a grand jury inside of 320 Jay Street on the 16th floor, County of Kings, City and State of New York.

14.    Plaintiff SEAN ADAMS was seated in the grand jury box when an undercover detective entered the courtroom to testify.

15.    Thereafter, defendant UNDERCOVER OFFICER "SMITH" approached the witness seating area, looked at plaintiff SEAN ADAMS and said "what's up" to plaintiff.

16.    In response, plaintiff SEAN ADAMS said "what's up" back to defendant UNDERCOVER OFFICER "SMITH."

17.    Plaintiff SEAN ADAMS had never met or interacted with defendant UNDERCOVER OFFICER "SMITH" before this day.

18.    Immediately after this interaction, defendant UNDERCOVER OFFICER "SMITH" walked out of the courtroom with the prosecutor.

19.    Thereafter, DET. BRIAN MCSWEENEY and three (3) other police officers entered the courtroom and ordered plaintiff SEAN ADAMS to accompany them to the back of the courtroom where plaintiff was placed against the wall, handcuffed and arrested.

20.    Plaintiff SEAN ADAMS was then taken to the 84th Precinct in the County of Kings, City and State of New York, without ever being informed why he was being arrested.

21.    In the 84th Precinct, DET. BRIAN MCSWEENEY and other police officers questioned plaintiff SEAN ADAMS about what he said to defendant UNDERCOVER OFFICER "SMITH."

22.    Plaintiff SEAN ADAMS repeated to the defendant police officers that all he said to defendant UNDERCOVER OFFICER "SMITH" was "what's up."

23.    Notwithstanding the lack of any incriminating evidence against plaintiff SEAN ADAMS, defendant police officers arrested plaintiff and charged him with intimidating and tampering with a witness testifying in a grand jury.

24.    At no time on January 19, 2011, or at any other time, did plaintiff SEAN ADAMS ever intimidate or tamper with a witness testifying in a grand jury.

25.    In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Kings County District Attorney's office.

26.    Specifically, defendant UNDERCOVER OFFICER "SMITH" maliciously and deliberately lied about his claim that plaintiff SEAN ADAMS had threatened him.

27.    Further, defendant UNDERCOVER OFFICER "SMITH" concocted blatantly false and malicious allegations that he was investigating plaintiff SEAN ADAMS in a separate narcotics case.

28.    As a result of defendants' malicious lies, the story of plaintiff SEAN ADAMS' arrest received extensive media coverage in the local press.

29.    For example, in the New York Daily News, the story of plaintiff's arrest was reported with the glaring headline: "COP BAGS CREEP IN COURT."

30.    The story went on to report that the police were "*investigating Adams in a separate narcotics case*", a blatantly false and misleading claim based on the utterly false information provided by defendants.

31.    The news reports of plaintiff SEAN ADAM's arrest – and in particular, his alleged involvement with a narcotics investigation – severely damaged plaintiff's personal and professional reputation in the community.

32.    Prior to this incident, plaintiff SEAN ADAMS had never before been arrested in his life.

33.    Plaintiff SEAN ADAMS had always maintained an upstanding reputation in his community, working for both the New York City Board of Education and Nike.

34.    In addition, plaintiff SEAN ADAMS was a well-respected volunteer basketball coach, working for many years with the Amateur Athletic Union (AAU) and the National Collegiate Athletic Association (NCAA) to promote the development of high school students and help them attend college.

35.    As a result of this unlawful arrest, plaintiff SEAN ADAMS was suspended from his job at the Board of Education, and was also denied certification to be able to coach basketball at NCAA sanctioned events.

36.    In addition, this arrest severely damaged plaintiff SEAN ADAMS' reputation amongst amateur basketball players and their parents, many of whom questioned plaintiff about the arrest and about his alleged involvement with narcotics.

37.    As a result of this unlawful arrest, plaintiff SEAN ADAMS spent approximately four (4) days in jail, and was required to make multiple court appearances for four (4) months to defend himself against the false charges which defendants had filed against him.

38.    Notwithstanding defendants' unlawful and perjurious conduct, on May 17, 2011, all charges against plaintiff SEAN ADAMS were dismissed by the Honorable S. Mondo.

39.    As a result of the foregoing, plaintiff SEAN ADAMS sustained, inter alia, loss of

liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

42.    All of the aforementioned acts deprived plaintiff SEAN ADAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

44.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

45.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    As a result of defendants' aforementioned conduct, plaintiff SEAN ADAMS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

48.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants misrepresented and falsified evidence before the District Attorney.

51.    Defendants did not make a complete and full statement of facts to the District Attorney.

52.    Defendants withheld exculpatory evidence from the District Attorney.

53.    Defendants were directly and actively involved in the initiation of criminal proceedings against SEAN ADAMS.

54.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff SEAN ADAMS.

55.    Defendants acted with malice in initiating criminal proceedings against plaintiff
SEAN ADAMS.

56.    Defendants were directly and actively involved in the continuation of criminal
proceedings against plaintiff SEAN ADAMS.

57.    Defendants lacked probable cause to continue criminal proceedings against
plaintiff SEAN ADAMS.

58.    Defendants acted with malice in continuing criminal proceedings against SEAN
ADAMS.

59.    Defendants misrepresented and falsified evidence throughout all phases of the
criminal proceedings.

60.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal
proceedings were terminated in plaintiff SEAN ADAMS's favor on May 17, 2011, when all
charges against him were dismissed by the Honorable S. Mondo.

61.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period
of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and
other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs "1" through "61" as if the same were more fully set forth at length herein.

63.    Defendants created false evidence against plaintiff SEAN ADAMS.

64.    Defendants forwarded false evidence and false information to prosecutors in the
Kings County District Attorney's Office.

65.    In creating false evidence against plaintiff SEAN ADAMS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### <u>MUNICIPAL LIABILITY</u>

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" as if the same were more fully set forth at length herein.

68.    Defendants arrested and incarcerated plaintiff SEAN ADAMS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

69.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

71.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference

to the safety, well-being and constitutional rights of plaintiff SEAN ADAMS.

72.    The foregoing customs, policies, usages, practices, procedures and rules of the
City of New York and the New York City Police Department were the direct and proximate cause
of the constitutional violations suffered by plaintiff SEAN ADAMS as alleged herein.

73.    The foregoing customs, policies, usages, practices, procedures and rules of the
City of New York and the New York City Police Department were the moving force behind the
constitutional violations suffered by plaintiff SEAN ADAMS as alleged herein.

74.    As a result of the foregoing customs, policies, usages, practices, procedures and
rules of the City of New York and the New York City Police Department, plaintiff SEAN
ADAMS was incarcerated unlawfully for one day.

75.    Defendants, collectively and individually, while acting under color of state law,
were directly and actively involved in violating the constitutional rights of plaintiff SEAN
ADAMS.

76.    Defendants, collectively and individually, while acting under color of state law,
acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were
directly responsible for the violation of plaintiff SEAN ADAMS's constitutional rights.

77.    All of the foregoing acts by defendants deprived plaintiff SEAN ADAMS of
federally protected rights, including, but not limited to, the right:

  A.    Not to be deprived of liberty without due process of law;

  B.    To be free from seizure and arrest not based upon probable cause;

  C.    To be free from unwarranted and malicious criminal prosecution;

  D.    Not to have cruel and unusual punishment imposed upon him; and

  E.    To receive equal protection under the law.

78.    As a result of the foregoing, plaintiff SEAN ADAMS is entitled to compensatory
damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive

damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE,** plaintiff SEAN ADAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      May 25, 2011

               BY: _____
                  JON L. NORINSBERG (JN-2133)
                  Attorney for Plaintiff
                  225 Broadway, Suite 2700
                  New York, N.Y. 10007
                  (212) 791-5396

Case 1:11-cv-02567-MKB-SMG    Document 1-2    Filed 05/27/11    Page 1 of 2 PageID #: 12

JS 44 (Rev. 12/07)

**SUMMONS ISSUED** **FILED** ~~CIVIL COVER SHEET~~

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CLERK'S OFFICE**

**★ MAY 27 2011 ★**

**BROOKLYN OFFICE**

**CV 11 2567**

**JOHNSON**

## I. (a) PLAINTIFFS
SEAN ADAMS,

DEFENDANTS
THE CITY OF NEW YORK, DET. BRIAN CSWEENEY, Shield No. 3038, Individually and in his Official Capacity,

(b) County of Residence of First Listed Plaintiff   KINGS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JON L. NORINSBERG, 225 BROADWAY, SUITE 2700, NEW YORK, NEW YORK 10007 212-791-5396

Attorneys (If Known)
Michael A. Cardozo, Corporation Counsel for the City of New York, 100 Church Street, New York, New York 10007

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL INJURY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 362 Personal Injury - Med. Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
42 U.S.C. 1983. Violation of civil rights guaranteed by the First, Fourth, Fifth, Eight and Fourteenth

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
5/26/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE  SJ          MAG. JUDGE  SMG

11-CV-2567

## ARBITRATION CERTIFICATION

I, JON L. NORINSBERG_____, counsel for PLAINTIFF_____do hereby
certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages
recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.
_____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT – FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

_____

**Please refer to NY-E Division of Business Rule 50.1(d)(2)**

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located
in Nassau or Suffolk County: NO_____

2.) If you answered "no" above:

    a.)  Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau
or Suffolk County?  NO_____

    b.)  Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the
Eastern District? YES_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than
one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the
claimants, if there is more than one) reside in Nassau or Suffolk County? _____

    (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the
bar of this court.**

Yes____✓_____                                        No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)              No____✓_____

_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last
name and the last four digits of your social security number or any other four digit number registered by the attorney
with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** JN-2133_____

**E-MAIL Address:** norinsberg@aol.com_____

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re
Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

**Signature:** _____

# Exhibit B

SUMMONS ISSUED

UNITED STATES DISTRICT COURT        FILED
EASTERN DISTRICT OF NEW YORK        CLERK                    ORIGINAL
-------------------------------------------------------------
                                    2010 DEC 17  PM 12: 17
NICO WISDOM,
                                    U.S. DISTRICT COURT
                                    EASTERN DISTRICT  Plaintiff,
                                        OF NEW YORK          COMPLAINT
                  -against-

THE CITY OF NEW YORK, DETECTIVE HARUN
MIAH, tax # 920608, UNDERCOVER POLICE OFFICER         10 -      5876
# C0127, POLICE OFFICERS JOHN AND JANE DOES
1-5,                                                 GARAUFIS, J.
                                    Defendants.     GO  M.J.
-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      Plaintiff brings this civil rights action against the City of New York and

several members of the New York City Police Department's ("NYPD") Narcotics Borough

Brooklyn South ("NBBS").  Plaintiff alleges that, on May 4, 2010, in Brooklyn, defendants

violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United

States Constitution by falsely arresting him for being a lookout for an alleged drug dealer, using

excessive force on him and making false allegations about him to prosecutors which deprived

him of liberty.  On December 7, 2010, the false criminal charge of Criminal Facilitation in the

Fourth Degree, a misdemeanor, was adjourned in contemplation of dismissal.  Plaintiff seeks

compensatory and punitive damages, attorney's fees and costs and such other and further relief

as the court deems just and proper.

## JURISDICTION & VENUE

2.        This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.        Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4.        Plaintiff is a resident of the State of New York who lives in Brooklyn. Plaintiff was unemployed at the time of the incident and attends Technical Career Institute.

5.        The City of New York is a municipal corporation organized under the laws of the State of New York.

6.        Detective Harun Miah, Undercover Police Officer # C0127 and Police Officers John and Jane Does 1-5 are members of the NYPD's NBBS.  Defendants were acting under color of state law and in their capacities as members of the NYPD's NBBS at all relevant times.  Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.        On May 4, 2010, plaintiff was in the vicinity of the Lotto Cuts barber shop located near the corner of Beverley Road and Flatbush Avenue in Brooklyn.

2

8.     At all relevant times, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

9.     Suddenly, several members of the NBBS, including Detective Harun Miah, pulled up in vehicles, pointed their guns at plaintiff and told him to put his hands on the wall of the barber shop.

10.     Detective Miah and the other officers, acting in concert, arrested plaintiff and searched him.

11.     Nothing illegal was found on plaintiff's person.

12.     One of the officers, possibly Detective Miah, intentionally handcuffed plaintiff excessively tight causing pain, bruising and swelling that lasted days.

13.     A black officer and a second officer, possibly Detective Miah, put plaintiff in a van and drove the tightly handcuffed plaintiff around parts of Brooklyn for approximately one hour looking for additional people to arrest.

14.     Plaintiff asked the two officers in the van to loosen the painful cuffs but they refused.

15.     Eventually, plaintiff was taken to the 70th Precinct and locked in a cell.

16.     While plaintiff was confined in the cell, Detective Miah, plaintiffs' designated "arresting officer," pursuant to an agreement with Undercover Officer # C0127, misrepresented in police reports that plaintiff was observed being a lookout for an alleged drug dealer.

17.    The other defendants knew that Detective Miah and the undercover officer were creating police reports containing this false allegation, but they failed to intervene to protect plaintiff by, for example, reporting the matter to a supervisor.

18.    In the early evening, the black officer and a second officer, possibly Detective Miah, took plaintiff to Brooklyn Central Booking.

19.    Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, extremely cold, filthy, unsanitary and infested with roaches and rodents. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

20.    While plaintiff was in Brooklyn Central Booking, Detective Miah, pursuant to an agreement with Undercover Officer # C0127, misrepresented to the Kings County District Attorney's Office that plaintiff was observed being a lookout for an alleged drug dealer.

21.    The other defendants knew that Detective Miah and the undercover officer were commencing a false prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

22.    Detective Miah swore to the accuracy of a criminal court complaint that contained his false allegation.

23.    Defendants' purpose in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to improve their record of arrests.

24.     During the late evening of May 5, 2010, more than 24 hours after plaintiff was arrested, plaintiff was arraigned in Criminal Court, Kings County on a charge of Criminal Facilitation in the Fourth Degree, a misdemeanor.

25.     The presiding judge released plaintiff on his own recognizance.

26.     Plaintiff appeared in court on numerous occasions subsequent to his arraignment.

27.     Plaintiff was appointed a public defender and, during many court appearances, plaintiff waited several hours for his case to be called.

28.     On December 7, 2010, the false criminal charge of Criminal Facilitation in the Fourth Degree was adjourned in contemplation of dismissal.

29.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for well over 24 hours and suffered emotional distress, mental anguish, fear, anxiety, pain, swelling and bruising.

## FIRST CLAIM

### (FALSE ARREST)

30.     Plaintiff repeats the foregoing allegations.

31.     At all relevant times, including May 4, 2010, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

32.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

33.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

34.    Plaintiff repeats the foregoing allegations.

35.    Defendant's use of force upon plaintiff in the form of excessively tight handcuffs and/or their refusal to loosen the cuffs was objectively unreasonable and caused plaintiff pain and injury.

36.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

37.    Plaintiff repeats the foregoing allegations.

38.    Detective Miah, pursuant to an agreement with Undercover Officer # C0127, misrepresented to the Kings County District Attorney's Office that plaintiff was observed being a lookout for an alleged drug dealer.

39.    The other defendants knew that Detective Miah and the undercover officer were commencing a false prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to prosecutors.

40.    Detective Miah's false allegation and the other defendants' failure to intervene resulted in plaintiff being deprived of liberty because he was held in jail until his arraignment and was required to appear in court on several occasions subsequent to his arraignment.

41.    Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and for denying plaintiff a fair trial.

## FOURTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

42.     Plaintiff repeats the foregoing allegations.

43.     The City of New York is a "person" within the meaning of 42 U.S.C. §
1983.

44.     The City of New York, through a policy, practice or custom, directly
caused the constitutional violations suffered by plaintiff.

45.     Upon information and belief, the City of New York, at all relevant times,
was aware that the defendants and other NYPD narcotics officers are unfit officers who have
previously committed acts similar to those alleged herein, have a propensity for unconstitutional
conduct and/or have been inadequately trained.  In fact, several NYPD narcotics officers have
been arrested and convicted of crimes for making false allegations about arrestees and for
corruption.

46.     Despite the above, the City exercised deliberate indifference by failing to
take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor
the defendants and other narcotics officers and improperly retained and utilized them.

47.     The City's failure to act resulted in the violation of plaintiff's
constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and
severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

  d.  Such other and further relief as the Court may deem just and proper.

DATED:  December 16, 2010
     Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Nico Wisdom

DEFENDANTS

City of New York, et al.

CV 10-5876

**(b)** County of Residence of First Listed Plaintiff    Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard J. Cardinale, 26 Court St., Suite 1815, Brooklyn, NY 11242
(718) 624-9391

Attorneys (If Known)

NYC Law Dept, 100 Church St., NY, NY 10007

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

GARAUFIS, J.

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

GO M.J.

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
police misconduct

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):

JUDGE

DOCKET NUMBER

DATE    12/16/10

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE  ICG    MAG. JUDGE  MDG

10-5876

## ARBITRATION CERTIFICATION

I, _Richard Cardinale_, counsel for _plaintiff_ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: _No_

2.) If you answered "no" above:

    a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _No_

    b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _Yes_

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

    (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes _✓_      No _____

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes _____ (If yes, please explain)      No _✓_

_____

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules).

Attorney Bar Code: _RC 8507_

E-MAIL Address: _RCardullesq@gmail.com_    _RichCardinale@gmail.com_

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.

Signature: _____