JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200   Facsimile: (510) 839-3882

JAMES B. CHANIN, Esq./ State Bar #76043)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752   Facsimile: (510) 848-5819
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., individually and as successor-in-interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ Parent of decedent,<br><br>Plaintiffs,<br>vs.<br><br>RICHARD HENDERSON, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 3:20-cv-04637 VC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS SUPPLEMENTAL BRIEFING RE: MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**<br><br>Hon. Vince Chhabria |

**I.  DEFENDANTS HAVE PROVIDED NO ADDITIONAL SIGNFICANT LEGAL OR FACTUAL SUPPORT FOR THEIR INSTANT MOTION FOR PROTECTIVE ORDER IN THEIR SUPPLEMENTAL BRIEFING.**

The Court having given Defendants a second chance to bolster their instant motion for a protective order is again presented with underwhelming authority for the extraordinary relief sought: That the identities of defendants in this case of the highest public interest, the killing of a

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

1

man by California Highway Patrol officers and shooting of his passenger, be shielded from public view by sealing their true identities. Yet defendants produce nothing more than cases that have permitted actively *undercover* officers' identities to be shielded, or where cases were decided early in litigation on Motion to Dismiss, apparently before the identities of the involved officers were discovered (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 U.S. 388).

The Court has permitted defendants in the instant action to provide information *in camera* to assess whether there is a basis to proceed with the true identities of the defendants under seal as proposed by Defendants (see Doc. No. 21). Defendants contend in their moving paper they are producing such documents, but Plaintiffs are in the dark as to the materials produced as no description of said documents is provided. Defendants have made no claim in their moving papers that any CHP officer was undercover, nor has that possibility been raised in any pleading in this case. Defendants continue to rely on, at best, out-of-circuit *stare decisis*, and misrepresent *Adams v. City of New York and Undercover Officer No. C0098*, 993 F.Supp.2d 306 (E.D.N.Y. 2014). The naming of the undercover officer in *Adams* was never at issue. The Court in *Adams* flatly denied defendants' motion to close the courtroom when the undercover officer testified, and denied all relief requested by defendants, citing the non-particularized assertion of risk and fear for safety[1].

Defendants fail again, as they failed in their reply brief, to address the factual concerns raised by Plaintiffs, even though the Court provided Defendants the opportunity substantiate with evidence Defendant Henderson's claims, or the allegations regarding the Border Brothers. If

---

[1] See *Adams, id* at 317: "Overcoming this deeply-rooted presumption of openness will take more than a non-particularized assertion of risk to the effectiveness of undercover operations and fear for the safety of the Undercover Officer. Defendants have not shown that they are entitled to any of the relief requested. The application is denied in its entirety."

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

there is such an investigation as claimed by Defendant Henderson in his declaration, now would have been the second opportunity to provide any evidence beyond his word to support it; if HENDERSON's security cameras recorded anyone posing as an investigator for Plaintiffs (or anyone) outside of his house violating his privacy, now would have been the second opportunity to provide evidence beyond simply his word for it. To the extent defendants have provided any materials *in camera* without providing any information about what those materials consist of, the Court should permit Plaintiffs' counsel an opportunity to at least review the materials provided in sufficient detail to respond. Plaintiffs have no indication what factual claims the materials are intended to support, much less whether the materials do offer actual support.  Plaintiffs maintain the same concerns as set forth in their opposing papers.

### a. Defendants' reliance on out-of-circuit cases depends wholly on the undercover status of the involved officers, whether as witnesses or as parties.

Defendants group the additional cases offered to the Court in two categories: Those where the involved officer is a defendant and those whether involved officer is not a party to the case.  The relevant commonality in all of the cases cited: The officer, whether a party or non-party witness, was actively undercover and could have been exposed and jeopardized and on-going investigation.  That concern has not been implicated in any pleading in this case.

### b. Defendants' cannot use the "Law Enforcement Privilege" to shield their true identities.

Though not specifically asserted by Defendants, the common-law Law Enforcement Privilege would not shield defendants' identities in this case as discussed in *Adams, supra* at 312-315 since neither the 9th Circuit nor the U.S. Supreme Court recognize a "Law Enforcement Privilege" (see *U.S.A. v. Rodriguez-Landa (*2019 WL 653853, USDC-CACD February 13, 2019, citing, *Shah v. Dep't of Justice*, 714 F. App'x 657, 659 n.1 (9th Cir. 2017, unpublished). The Court in *Adams* rejected the applicability of the law enforcement privilege after assessing the burden-shifting test of the 2nd Circuit. The same result would warrant here if the Court considered it.

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

3

### c. Defendants wrongly trivialize the public-interest in identification of officers who are defendants in section 1983 cases, especially those arising out of Officer-Involved Shootings.

Defendants assert that because a parallel Officer-Involved Shooting investigation is being conducted by the Alameda County District Attorney's Office, that investigation is the only place where the public interest lies, to the exclusion of Plaintiffs' instant civil rights lawsuit. Even after Plaintiffs initial opposition briefing demonstrated that Courts have recognized the opposite: that the public interest in identification of defendant police officers is greatest when there is an officer-involved shooting, a use of lethal force that takes someone's life, defendants simply dismiss that as a "private interest". See *Long Beach Police Officers Assn. v. City of Long Beach* 59 Cal.4th 59, 66 (Cal. 2014). The facts here, assuming that Defendants have now provided the Court a proper foundation to support them (which Plaintiffs do not concede as there is no indication of what materials have been provided to the Court), align closely with those in *Long Beach, id* at 58-60: potential retaliation by alleged fellow gang members against police involved in the shooting, gang graffiti stating "Strike Kill a Cop" in the same city as the agency who did the shooting, along with the ready availability of gang members to find a police officer's home residence using the internet. Even under these circumstances, the balance tips strongly in favor public disclosure of Defendant Officers' identities.

Instead, Defendants rely on *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), a case arising under the Fair Labor Standards Act that fails to raise core Constitutional issues, much less the most significant use of force a police officer can ever use: lethal force. The pendency of a parallel OIS investigation by the DA is no substitute for the scrutiny of a civil rights lawsuit under section 1983. First, it will be years before the DA releases a conclusion if history is any guide. Then, as well-intentioned as the DA may be, the OIS investigation almost inevitably results in a whitewash of the shooting exonerating the involved officers from criminal charges and sometimes publicly lionizing the involved officers. The Court

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

4

need only look at Plaintiffs' verdicts in section 1983 cases that the DA found to be justified or not prosecutable, albeit under a standard of criminal culpability.

The Court in *Adams, id* at 317 had it right: The deeply rooted presumption of openness requires far more than what Defendants have proffered. People in the community in which the Defendant lives expressing their feelings about police misconduct; gang-members vowing revenge against officers involved in Mr. Salgado's death; graffiti expressing anti-police messages (though not on the named Defendant's actual property), are simple facts of life in our free country and part of the job of a police officer.

Conversely, sealing the identities of the public officials-police officers who took Mr. Salgado's life in a hail of gunfire would work directly against the public-interest by covering up the identities of the involved officers. Defendant RICH HENDERSON recently used the same mistaken belief in another case to justify that shooting: Mistakenly believing his fellow officer had been run over after losing sight of him. These other officers could then use the same false excuse knowing they had not been publicly identified as having previously used it.

Plaintiffs repeat that point to demonstrate the significance and public interest of publicly identifying the defendant officers: If Defendant HENDERSON had previously only been publicly identified as a DOE or "Unknown Undercover Officer" in the *Villanueva* case (the officers were publicly named in that case), plaintiffs (and the public) would have been unable to use public information to learn that he relatively recently used the nearly identical factual mistaken belief justification in the shooting and killing of another man in a vehicle. The bottom line is governmental power requires public accountability in our system of Constitutional governance.

Defendants' effort to turn the burden around notwithstanding (of course, the burden is heavily on the defendants here by all case law across the country cited in all of the briefing), public identification is inherent to a police officer's job, as are the risks that come with that

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

identification. Defendants seek to seal the identification of the involved defendants from public view, raising the right of access described in *Estate of Neil v. County of Colusa,* USDC CAED Case No. 2:19-cv-02441-TLN-DB 2020 WL 5535448 at *2 (United States District Court, E.D. California, September 15, 2020), *Nixon v. Warner Commc'ns, inc.,* 435 U.S. 589, 597 (1978), *Courthouse News Svc. V. Planet*, 750 F.3d 776, 785 (9th Cir. 2014), and *Kamakana v. Cnty. Of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (discussed more fully in Plaintiffs' Opposition to Defendants' instant motion for a protective order).  While not addressed in their supplemental briefing, Defendants' supplemental arguments (and their reply briefing) ignore that the relief they seek from the Court is to have Plaintiffs file under seal the Defendants' true names, to avoid the right of public access to their names. But the public interest squarely lies in the identification of the involved officers.

Defendants have not demonstrated a *need* for anonymity, only a considered desire for it, and their jobs as police officers who killed a man and shot a woman require their public identification in this case.

## II.    CONCLUSION

Even if the Defendants have provided a factual foundation to the Court for the concerns set forth in Defendant HENDERSON's declaration, which Plaintiffs have no way of confirming, there is still no legal basis to seal their identities from public view. That defendants seek to minimize the importance of the public-interest in identifying them gives away the lack of authority for their request in this Country. These are not Chinese laborers in Saipan fearing deportation and imprisonment in China by its totalitarian government as in *DOES I-XXIII,* these are state actors in the United States of America: Police officers  who shot and killed one man, and shot a woman, under circumstances that appear wholly unreasonable and

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC

6

allegedly based on the same factually-specific mistaken belief as one of the defendants recently used in killing another man.

Dated:  March 5, 2021

Respectfully submitted,

**LAW OFFICES OF JOHN L. BURRIS**

/s/*Benjamin Nisenbaum*
Benjamin Nisenbaum
Attorney for Plaintiffs

Plaintiffs' Response to Defendants' Supplemental briefing re: Motion for Protective Order and Motion to Quash
L.S., et al v. Henderson, et al.
Case No. 3:20-cv-04637 VC