UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>RICHARD HENDERSON,<br><br>       Defendant. | Case No. 20-cv-04637-VC<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 16 |

       The motion to quash the subpoena is denied as untimely. The motion for a protective order is also denied without prejudice to making a renewed motion, as explained below.

       In this case, the Attorney General's Office and the California Highway Patrol wish to seal the names of the officers (other than Henderson) allegedly involved in the shooting death of Erik Salgado and injury of plaintiff Brianna Colombo.  Colombo and her co-plaintiffs, who are members of Salgado's family, wish to add those officers as defendants in the case. Despite having multiple opportunities to do so, the Attorney General's Office and the CHP have failed to demonstrate that the interest in sealing the names of these defendants outweighs the public's interest in being able to access that information. The Attorney General's various submissions have lacked the detail the Court would need to weigh the CHP's concerns accurately and have offered differing accounts of why the public should not know the names of these officers.

       Moreover, the arguments made by the Attorney General's Office and the CHP suggest that they totally misunderstand the issue. This is not, as they repeatedly say, a "private" dispute. The courts are public institutions. Their mission is to serve the public. And their operations are paid for by the public. Absent compelling reasons, the public has a right to follow what's

happening in the courts. That is true in even the most mundane case; it is especially true in the case of a high-profile officer-involved shooting. It would be extraordinary to conceal the names of officers who are being sued for this shooting. The Attorney General and the CHP have not come close to justifying such an extraordinary measure.

Nonetheless, in an abundance of caution and to ensure that the failure of the Attorney General's Office and the CHP to make an adequate presentation does not result in an undue threat to officer safety or an undue disruption of important CHP operations, there will be a slight delay in allowing the names of the officers to appear on the public docket. The plaintiffs are ordered to file their amended complaint with the names of any additional defendant officers redacted. (An unredacted version must be filed under seal with all redactions highlighted.) The names will remain sealed for a period of 60 days from the date the amended complaint is filed. At the end of that period, the names will automatically be unsealed unless the Attorney General's Office has filed a renewed motion for a protective order and made a far more compelling showing that the new defendants' names should remain hidden. Because the Attorney General's Office did such a poor job of making this showing initially, any renewed motion must start from scratch, without presuming any prior knowledge on the part of the reader. Such a motion must include detailed information about who each individual officer is, what specific danger they would face from disclosure, whether any ongoing CHP operations would be jeopardized by the officers' names being made public, and if so what the specific impact on those particular operations would be. The defendants may move to seal information provided with that motion per the procedures described in the local rules and this Court's standing orders. The Court is willing to consider further in camera submissions, including in camera testimony of CHP officials, if there is a compelling reason to do so.

**IT IS SO ORDERED.**

Dated: March 24, 2021

VINCE CHHABRIA
United States District Judge