Joint Letter Regarding Discovery Dispute: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

Dear Honorable Judge Vince Chhabria,

<u>Plaintiff</u>: Respectfully asks the Court's assistance in resolving the following discovery dispute regarding subpoenas issued by Plaintiffs. Parties have met and conferred and are unable to resolve this issue.

<u>Defendant Henderson</u>: This is plaintiffs' discovery issue with third party records holders to obtain personal military, medical and psychological records of Defendant Henderson. The custodians of such records have refused to produce their records pursuant to such defective subpoenas. Under paragraph 22 of the Standing Orders, "the joint discovery letter process does not apply to discovery disputes with third parties." Plaintiffs seek personal information, which is protected under the Privacy Act of 1974 and HIPAA, and as such is required to obtain a court order prior to obtaining such records. 5 U.S.C. § 552a(b); 45 C.F.R. § 164.502; Cal. Evid. Code §§ 992-994, 1010-1015. Defendant's motion to quash two such defective subpoenas is set for **September 9**. Procedurally, Plaintiffs should bring a noticed motion showing good cause with valid evidence, rather than seek a court order via informal letter without any supporting declaration or valid evidentiary showing for good cause.

*****************************************************************************

**<u>Plaintiff's Position:</u>**
### I.   Procedural history:
Plaintiffs became aware of potential concerns about Defendant Richard Henderson's mental health after reviewing a police report from a 2017 incident involving Defendant, resulting from the officer involved shooting death of Defendant's girlfriend, Michele Rice. In the police report, Defendant Henderson disclosed to police investigators in that he suffers from a disorder, apparently PTSD, from his time in the military service. After Plaintiffs reviewed the redacted report, on July 21, 2021, Plaintiffs notified Defendant of their intention to produce subpoenas for an unredacted copy, as well as Defendant Henderson's mental health records. On July 21, 2021, Plaintiffs subpoenaed the Long Beach Police Department for the unredacted police records related to Defendant's involvement in the 2017 incident, to be produced by August 4, 2021, and the VA Long Beach Healthcare System for Defendant's behavioral and psychological records, to be produced by August 2, 2021. Plaintiffs' counsel provided Defendant's counsel with copies of these subpoenas, through email correspondence as well as in a formal Rule 45 Notice of Subpoenas sent via certified mail. Inexplicably, Defendant's counsel is asserting that the subpoenas were not timely served on him.

Counsel for both parties met and conferred on July 28, 2021, and August 3, 2021. Defendant's counsel was immediately oppositional to the subpoenas, asserting privilege on the basis of HIPAA and the Privacy Act. During the meet and confer, Defendant's counsel inquired whether Plaintiffs would be willing to withdrawal the Long Beach Police Department subpoena if Defendant personally provided Plaintiffs with a declaration stating that he did in fact inform Long Beach police investigators that he suffered from PTSD. Plaintiffs' counsel agreed to this proposition, but Defendant's counsel never ultimately followed through with the offer. On July 30, 2021, Defendant objected to the VA Long Beach Healthcare System subpoena. On August 2, 2021, Defendant objected to the Long Beach Police Department subpoena. On July 30, 2021, Defendant filed a Motion to Quash Subpoenas.



1

Joint Letter Regarding Discovery Dispute: L.S., et al. v. Henderson, et al.; 3:20-cv-04637 VC

Additionally, as the Court is aware, this is the second Officer-Involved Shooting (OIS) by Defendant Henderson, one taking place in 2016 (Villanueva) and the instant OIS of Decedent Salgado and Plaintiff Colombo. Both occurred under strikingly similar circumstances in which Defendant Henderson claimed a vehicle in both incidents struck and ran over a fellow officer, when in both cases that did not happen: No officer was run over in either incident. Between the apparent admission of PTSD to Long Beach investigators in the Michele Rice incident and the two highly similar shootings in Villanueva and the instant case, Plaintiffs have established a powerful factual basis both that Defendant Henderson suffers from PTSD and that PTSD effected his actions and/or perception in the instant shooting. The records sought are calculated to lead to the discovery of admissible evidence.

Plaintiffs have no other way to obtain the discoverable information sought in the subpoena—information to which they are entitled—as Defendant Henderson has refused to provide Plaintiffs with the records or a proper authorization to obtain the records. As Plaintiffs' counsel stated, in writing, to Defendant's counsel on August 2, 2021, "the relevance and need for the records is clear, and I have no other way to obtain the necessary discovery other than the subpoena."

Since Defendant is the one objecting to production, and filing motions to quash seeking to prevent discovery of records that under Lam and a wide range of authority are clearly discoverable, it is fair to say that this is a discovery dispute between the parties. To the extent Defendants claim this is not a discovery dispute between the parties, it is the defendant who has objected to the subpoenas and filed a motion to quash, and the defendant who refuses to sign a release permitting the documents to be produced.

II. **Plaintiff has the right to obtain discoverable information:**

A party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Fed.R.Civ.P. 26(b)(1)*. For these purposes, a relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). "The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case. Id. at 610. Moreover, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P, 26(b)(1)*. See *Weiland v. City of Concord*, No. 13-CV-5570-JSC, 2014 WL 5358756, at *5 (N.D. Cal. Oct. 20, 2014) ("Again, this does not mean this information would be admissible at trial, it just means Defendants have the right to discover the information").

Mental health or psychological conditions are relevant to Plaintiffs' excessive force claims. See *Beltran v. Cty. of Santa Clara*, No. C 03-3767RMW(RS), 2009 WL 248207, at *1 (N.D. Cal. Jan. 30, 2009)("The therapists' records relate to both the liability and damages aspects of this action. As such, the records sought are relevant"); *Jones v. City of Oakland*, No. C 12-1416 MEJ, 2013 WL 4102228, at *2 (N.D. Cal. Aug. 12, 2013) ("the issue of whether or not [the defendant officer] was exhibiting signs of PTSD at or before the time of the shooting are highly relevant to the issue of liability for excessive force under 42 U.S.C. § 1983 because it is probative of whether [the officer] was suffering from an anger and panic-inducing mental illness at the time of the encounter"); *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1006-07 (9th Circuit, 2020) ("much of the PTSD evidence could reasonably be considered relevant to ascertaining [the defendant officer]'s credibility as the evidence went to his ability to accurately perceive and recall the incident in question").

It is conceivable that Defendant Henderson was evaluated and diagnosed with a serious mental health condition prior to the shooting, a condition he appears to have disclosed to police investigators in 2017. The fact that Defendant Henderson wrongly perceived the event in both this case and in

2



Joint Letter Regarding Discovery Dispute: L.S., et al. v. Henderson, et al.; 3:20-cv-04637 VC

*Villanueva* in essentially the same way elevates the already-discoverable possible PTSD diagnosis beyond even what it was in *Tan Lam*. As such, Plaintiffs have subpoenaed the VA for Henderson's mental health records, recognizing that they are relevant and discoverable and may be admissible at trial.

Plaintiffs are also consulting with an expert in the area of PTSD and how it affects an officers' actions during high stress incidents like the instant OIS. That expert requires the records sought, if they exist, in rendering an opinion as to whether Defendant Henderson was suffering from the effects of PTSD during the subject-incident, and how PTSD would affect his actions and perceptions during the subject-incident.

### III.  Plaintiffs are not barred by privacy laws from subpoenaing Defendant's records:

Information regarding a party's mental health condition is "covered by a general right to privacy; however, this 'right is conditional rather than absolute and limited impairment of that right may be allowed if properly justified.'" *Weiland v. City of Concord*, No. 13-CV-5570-JSC, 2014 WL 5358756, at *5 (N.D. Cal. Oct. 20, 2014), citing *Caesar v. Mountanos*, 542 F.2d 1064, 1068 (9th Cir. 1976). See also *Hall v. Hous. Auth. of Cty. of Marin*, No. 12-04922 RS (JSC), 2013 WL 5695813, at *3 (N.D. Cal. Oct. 18, 2013) ("courts apply a balancing test to assess whether the need for the information sought outweighs the privacy right asserted").

"45 C.F.R. § 164.512(e) permits disclosure of medical records in response to subpoena as long as (as here) the individual received notice of the disclosure." *Hicks v. Neal*, No. C 12-2207 SI PR, 2013 WL 633116 at *1 (N.D. Cal. Feb. 20, 2013). There is no violation of privacy if "the party requesting such information has made a good faith attempt to provide written notice to the individual." *Id.* Here, contrary to Defendant's counsel's unsupported assertions, Plaintiffs certainly provided Defendant with proper, timely notice of the subpoenas.

Furthermore, the Privacy Act "does not serve as an evidentiary exclusionary rule barring the discovery and use of relevant documents by private litigants." *McLean v. Gutierrez*, No. EDCV15275RGKSP, 2018 WL 6118615, at *2 (C.D. Cal. Aug. 23, 2018) (citations omitted). It would be inappropriate for Defendant Henderson to "use the [Privacy] Act as a shield against discovery involving his medical records," and Defendant's counsel knows this. *Id.* It serves no legitimate public end to expand a privilege which will prevent the liability of a Defendant whose actions occurred while conceivably suffering from a known mental illness.

Nonetheless, in recognition of Defendant's privacy concerns, Plaintiffs have agreed to enter into a protective order. See *Hall v. Hous. Auth. of Cty. of Marin*, No. 12-04922 RS (JSC), 2013 WL 5695813, at *3 (N.D. Cal. Oct. 18, 2013) ("Plaintiffs' need for the information described below outweighs any privacy interests, especially in light of the Protective Order and other steps, such as redaction, that can be taken to reduce privacy concerns"); *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003) ("The Court finds that HIPAA does not preclude production of the medical records and worker's compensation files in response to either a discovery request, subpoena or this Court's order, under an adequate protective order").

In light of the foregoing, Plaintiffs respectfully ask the court to: 1.) Compel Defendant Henderson to immediately produce HIPAA releases for each of the subpoenaed entities and/or 2.) Ask that the Court issue subpoenas to compel with the subpoenaed entities to produce documents and/or 3.) Ask that the Court order each agency subpoenaed to produce documents responsive to each subpoena.



Joint Letter Regarding Discovery Dispute: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Defendant's Position:**

The Privacy Act of 1974 and HIPAA, are clear. Plaintiffs must obtain a court order prior to obtaining such records, when the subject of such personal records objects, and does not consent to such disclosure. 5 U.S.C. § 552a(b); 45 C.F.R. § 164.502; Cal. Evid. Code §§ 992-994, 1010-1015.

The court acts as a gate keep and makes a determination if there is good cause for such invasion of a defendant's strong privacy rights in their medical care. Here, plaintiffs seek medical treatment records of defendant from 2001 to the current, without any limitation or showing that his medical condition is an issue in this case. What does cancer treatment from 20 years ago have to do with anything in this case?

Plaintiffs' effort to obtain an order, *ex parte*, without even offering such subpoenas as exhibits, supporting declarations showing good cause or even relevancy, or any notice to the parties being subpoenaed that an order is sought, is highly inappropriate.

It would be a procedural due process violation to issue the order sought by plaintiffs. Namely, a deprivation of major privacy rights of a defendant who has not put his personal health condition in issue, absent a full evidentiary hearing and opportunity to be heard. Under this letter procedure, no evidence has been submitted, nor any declaration testimony. In fact, plaintiffs don't even offer the scope of the subpoena they seek an order to enforce, or show any valid evidence there is a credibility issue applicable to defendant Henderson.

Under plaintiffs' logic, any time there is a civil case (e.g. car accident), then plaintiff should be entitled to a driver's medical records and psychological treatment records when there is a dispute as to whether the light was green or red.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Yours truly,

| Counsel for Defendant | Counsel for Plaintiffs L.S., et al. |
|---|---|
| /s/ | /s/ |

8/10/2021 3:38:22 PM