UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., et al.,<br><br>   Plaintiffs.<br><br>   v.<br><br>RICHARD HENDERSON, et al.,<br><br>   Defendants. | Case No. 20-cv-04637-VC   (JCS)<br><br>**NOTICE OF REFERENCE; ORDER DENYING JOINT DISCOVERY LETTER AND MOTION TO QUASH ORDER TO MEET AND CONFER AND FILE JOINT LETTER**<br><br>Re: Dkt. Nos. 39, 44 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Chief Magistrate Judge Joseph C. Spero for resolution of all discovery disputes.

IT IS HEREBY ORDERED that the Joint Discovery Letter and Motion to Quash (the "Motions") are DENIED for failure of counsel to adequately meet and confer.

IT IS HEREBY FURTHER ORDERED that lead trial counsel for both parties shall appear by Zoom Webinar, Zoom ID: 161 926 0804, Password: 050855, on **August 20, 2021**, **at 2:00 PM,** for a brief Discovery Conference on their discovery dispute(s). Immediately following the Discovery Conference lead counsel shall set up their own **Zoom video conference** to meet and confer in an effort to resolve the Motions.

In the event that counsel are unable to resolve the matters at issue in the Motions, lead trial counsel shall provide a detailed Joint Letter to the Court within five (5) calendar days of their meet-and-confer session. This Joint Letter, not to exceed ten (10) pages without leave of Court, shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and its final proposed compromise on each issue.

**LAW AND MOTION HEARING PROCEDURES**

Civil law and motion is heard on Friday mornings, at 9:30 AM by Zoom Webinar. **Zoom Webinar ID: 161 926 0804. Passcode: 050855.**

In the event a **discovery dispute** arises, including discovery disputes with non-parties to this litigation, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for all involved parties and non-parties must meet and confer **by video conference** regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2. Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, all involved parties and non-parties shall jointly file a detailed letter with the Court, not to exceed five (5) pages without leave of Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue. In the absence of permission from the Court, the letter may not exceed five (5) pages.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the

discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the video conference, meet-and-confer sessions described above. The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

Regardless of whether the Court reschedules a hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials followed by the designation "(JCS)".

## ELECTRONIC FILING AND COURTESY COPIES

Please refer to Civil L. R. 5-1 (e) and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements. All documents shall be filed in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

Pursuant to General Order 72-2 all local rules requiring that a courtesy copy be provided to the chambers of the assigned judge are suspended pending further notice.

Electronic courtesy copy shall bear the initials "JCS" and a .pdf emailed to JCSPO@cand.uscourts.gov.

IT IS SO ORDERED.

Dated: August 13, 2021

_____
JOSEPH C. SPERO
United States Chief Magistrate Judge