Joint Letter Regarding Defendants' depositions: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

Dear Honorable Judge Spero,

**Plaintiffs' Position:**

**Procedural History**:

Plaintiffs have been attempting to take the named Defendant Officers' depositions in this case since June, sending emails to Defense counsel asking for dates the witness and defendant officers would be available. Defense counsel never provided dates either the witness or defendants officers would be available. Finally, Plaintiffs' counsel on July 21 sent deposition notices to defense counsel for all witness CHP officers and the three defendants, setting them for certain dates from August 17 to 27. Only after receipt of that deposition notice and subpoenas did defense counsel finally respond, and eventually most of the witness CHP officers were deposed (and improperly claimed the 5th Amendment as to many questions pertaining to the subject-incident shooting of Mr. Salgado, but at least they appeared at deposition). However, Defendant Officers have refused to be deposed, apparently based on advice from their police union lawyers. Mr. Allweiss offered late September or early October as dates to depose defendants, but plaintiffs' counsel countered that since discovery cutoff is October 12, with opening expert reports due 2 weeks later, the week of September 13th was the latest Plaintiffs would agree to take the defendants depositions. The reason for this is because Plaintiffs' expert witnesses need the depositions transcripts of the defendants in order prepare their opening reports, and there is a turn around time of two weeks to get the transcripts of the depositions unless a hefty fee is paid to expedite the transcripts. Plaintiffs' intention is to get the transcripts to their experts by the end of September or early October.

On August 25, by email, Mr. Allweiss offered the week of September 13 for the depositions of defendant officers Henderson, Saputa and Hulbert, though noting that he would have to clear those dates with Defendants. Plaintiffs' counsel and Mr. Allweiss agreed by email later that day that September 15 to 17 would work to depose the three Defendant, with Defendants Hulbert and Saputa being deposed on September 15th, and Defendant Henderson being deposed on September 17th. The only caveat by Mr. Allweiss was that he still had to clear those dates with defendants. Plaintiffs' counsel calendared September 15th and 17th with a court reporter, Barbara Butler. On September 2nd, Plaintiffs counsel emailed Mr. Allweiss to confirm the depositions of the defendants on September 15 and 17 (asking for confirmation "ASAP"). Mr. Allweiss responded that evening that the defendants would be invoking their 5th Amendment rights at the deposition, and that he "should know more about their availability by next week."

On September 7, Plaintiffs' counsel told Mr. Allweiss that since his client had not signed a release for his PTSD records, and instead had asked for relief from this Court's Order that he sign a release, Plaintiffs would need to extend fact discovery and opening expert reports only pertaining to the PTSD issue. In response, Mr. Allweiss by email told Plaintiffs' counsel that he wanted to extend all deadlines in this case, due to claims that his clients 5th Amendment rights could be infringed. Plaintiffs declined, as that motion is so belated it appears that Mr. Allweiss was simply trying to run out the clock on discovery, and now realized that won't happen and wants to hold the defendants' depositions hostage to force Plaintiffs to extend all dates.

On September 9, Defendants' counsel told Judge Chhabria at a hearing on their Motion to Dismiss that he wanted to stay discovery and all deadlines in part based on the Defendants' 5th Amendment rights. Judge Chhabria did not indicate whether he would grant that motion, but told

1



Joint Letter Regarding Defendants' depositions: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

Defendants to file that motion immediately. As of this writing on the early afternoon of September 17, prior to defendants' input to this letter, that motion remains unfiled. Mr. Allweiss had not said the defendants would not appear at their depositions until he sent a letter via email on September 14, 2021 that, based on their 5th Amendment rights, Defendants would refuse to appear at their depositions the next day and September 17, but would appear sometime later, presumably after the DA's report was completed (no one know when that will be, and history has shown this could be many years). That letter also asserted that their motion to stay should be filed in the next two days. Plaintiffs' counsel immediately left a message with the Court's clerk, Ms. Hom, regarding the stated intention by defendants to not appear for their depositions. Ms. Hom responded that a letter brief would be required.

Plaintiff's counsel responded to Mr. Allweiss's letter by email telling Mr. Allweiss that Defendants are required to appear at their depositions and can assert their Fifth Amendment rights to specific questions where it would be appropriate to do so. The next morning (the date of the first two defendant depositions scheduled), in three different emails well in advance of the 10:00 a.m. zoom deposition start time (at 8:07 a.m., 8:19 a.m., and 8:26 a.m.), Plaintiffs' counsel sent Mr. Allweiss well-settled case law that blanket assertions of Fifth Amendment rights are improper; that appearance at deposition is required and Fifth Amendment rights must be asserted as to specific questions where appropriate to do so; and that you cannot just decide for yourself not to appear because you claim the Fifth Amendment, and that Plaintiffs' counsel expected them to appear for deposition. At 10:10 a.m. Mr. Allweiss sent belligerent emails falsely claiming that he had repeatedly said he was unavailable for the depositions; that he had never confirmed the depositions; and that somehow plaintiffs' counsel was retaliating against him for saying he was going to file a motion to stay. In fact, Mr. Allweiss had never said he was unavailable for deposition, and the only reason he initially gave for his clients refusing to appear was the assertion of their Fifth Amendment rights. Then he claimed that plaintiffs' counsel was intentionally trying to interfere with his preparation of the motion to stay.

Plaintiffs' counsel responded by email by pointing at that Mr. Allweiss had never said he was unavailable, that he is holding the Defendants' depositions hostage to force the discovery deadlines to be extended against Plaintiffs wishes (and without an enforceable Order from the Court), and that he was not being honest in his assertions about his own alleged unavailability as the basis for the Defendants lack of appearance.

Plaintiffs' counsel held the depositions on September 15th at which no one for the defense appeared, and called Mr. Allweiss. Mr. Allweiss did not answer the phone, and Plaintiffs' counsel left a stern voicemail for Mr. Allweiss that was recorded by the Court reporter: That defendants had no right to not appear based on the Fifth Amendment, that the defense is improperly trying to frustrate Plaintiffs' discovery, and that this is sanctionable conduct by the defendants and defense counsel. Mr. Allweiss, as of Plaintiffs' input into this letter, has failed to respond to that voice mail or the ultimate email by Plaintiffs' counsel, contending that this is all gamesmanship by Defense counsel. Why wait until the brink of the close of discovery to seek a stay based on the Fifth Amendment when Defendants have been aware since day 1 that an OIS investigation follows every police shooting in California, were interviewed by Oakland Police Department investigators and were at that time informed of their Fifth Amendment rights, two and half days after the subject incident shooting?



Joint Letter Regarding Defendants' depositions: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

### Legal Authority:

The party or witness who wishes to invoke the Fifth Amendment right against self-incrimination must assert the privilege as to particular questions asked or other evidence sought. A blanket refusal to appear or testify is not sufficient. (*Warford v. Medeiros* (1984) 160 Cal.App.3d 1035, 1044-46) Any delay or failure to assert the privilege may result in waiver thereof. This applies to responses to interrogatories, requests for admissions, document productions, and depositions. (See, e.g., *Brown v. Sup.Ct. (Boorstin)* (1986) 180 Cal.App.3d 701, 712. See also *Capitol Product Corporation v. Hernon* (8th Cir. 1972) 457 F.2d 541, 542. No blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings); the privilege must be claimed on a particular question and submitted to the court for a determination of the validity of the claim *Heligman v. United States* (8th Cir. 1969) 407 f.2d 448, 450-451. These have long been the rule in California with respect to both civil and criminal proceedings. *Ex parte Stice* (1886) 70 Cal. 51, 53; *People v. Johnson* (1974) 39 Cal.App.3d 749, 758; and many more cases.

### Plaintiffs' Final Proposed Compromise:

As stated in *Wardlaw,* based on Federal case law a blanket refusal to testify at deposition citing the Fifth Amendment is unacceptable. The three Defendants (Henderson, Hulbert, and Saputa) must be ordered by this Court to testify at deposition *immediately* (the week of September 20-25) given the looming discovery deadlines.

Yours truly,

Counsel for Plaintiffs L.S., et al.


/s/    *Ben Nisenbaum*


### Defendants' Position:

1.      Defendants agreed to offer the officers for deposition at a mutually agreeable date and time, and were working on confirming a valid date. However, at the motion to dismiss hearing on September 9, 2021, Judge Chhabria indicated that since defendants and other officers are the subject of a criminal investigation by the Alameda County District Attorney's office, then such types of cases are usually stayed. Defense counsel indicated he would promptly bring a motion to that effect to Judge Chhabria and Plaintiffs' counsel in open court.

2.      On the morning of September 14, 2021, Plaintiffs' counsel asked for confirmation that the officers are available to appear for deposition that week, despite the fact that these dates were not confirmed, and defense counsel expressly indicated he was "trying" to offer the officers for deposition that week, and would know more about their availability the week of September 6th and did not provide an update since that date. (Emails meeting and conferring on depositions attached as Ex. A)



Joint Letter Regarding Defendants' depositions: <u>L.S., et al. v. Henderson, et al.</u>; 3:20-cv-04637 VC

       Defense counsel responded that in light of Judge Chhabria's comments, Defendants would seek to stay the case or continue the current deadlines and there will be plenty of time to offer these defendant-officers at a later date. Defendants followed with a letter indicating all of these officers will be offered for deposition after the motion (this offer was made regardless of any discovery cutoff.) (Ex. B.)

3.     Once Plaintiffs' counsel learned Defendants would be bringing a motion to stay, suddenly these depositions were critical to be taken 4 weeks before the discovery cutoff. Plaintiffs' counsel then threatened a "motion to compel and sanctions for failing to appear." He then called a court reporter and made a self-serving record and incurred unnecessary costs, acting as if the deposition dates were confirmed, when they were not and were expressly not confirmed. Creating a record and acting like these depositions were critical to be completed on a non-confirmed date, appeared retaliatory against defendants for indicating they would file a motion to stay/continue the trial dates.

4.     Defendants remain agreeable to appearing for deposition but believe one single deposition, without asserting their 5th Amendment rights as relates to the incident, will be more effective and an efficient use of time, rather than appearing for a second deposition once they confirm the status of the District Attorney's investigation and scope; or a stay is lifted.

5.     Plaintiffs' counsel's letter improperly makes fictional ad hominem attacks on defense counsel, and makes false statements of material facts to a this court. (Rule of the State Bar, Rule 4.1(a).) Plaintiffs' counsel makes the following false statements to this tribunal:

      a. At 10:10 am defense counsel sent him an email [Defense counsel has no record of any email sent on September 14, 2021 at 10:10 am, or September 15, 2021 at 10:10 am] All emails sent to Plaintiffs' counsel the week of September 13 are attached as Ex. C;
      b. Defense counsel sent Plaintiffs' counsel "belligerent emails" [There is no evidence of any "belligerent emails" from defense counsel];
      c. Defense counsel sent emails "falsely claiming that he repeatedly said he was unavailable for the depositions" [There is no evidence of any email where defense counsel was "falsely claiming that he repeatedly said he was unavailable for the depositions];
      d. Defense counsel confirmed the depositions [This is absolutely not true, and defense counsel directly emailed otherwise]. (See Exs. A, B, & C.)

Daniel B. Alweiss
Deputy Attorney General



# Exhibit A

## Daniel B. Alweiss

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Monday, September 6, 2021 5:50 PM |
| **To:** | 'Ben Nisenbaum' |
| **Cc:** | jbcofc; Jim Chanin; Ruby Yearling; John Burris; John Burris; James Cook; Rohit Kodical |
| **Subject:** | RE: LS v. Henderson: CHP PMQ depos |

I don't know.  I am working on this and will talk to their Union attorney on this matter on Tuesday.  I believe I indicated I will try to re-offer them.  Emphasis is on "trying."

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Thursday, September 2, 2021 11:08 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling <ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris <John.Burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>
**Subject:** Re: LS v. Henderson: CHP PMQ depos

EXTERNAL EMAIL: This message was sent from outside DOJ. Use caution when opening attachments and clicking on links. Please do not click links or open attachments that you do not recognize or appear suspicious.

I thought you said they were willing to re-appear for further testimony? Are they now unavailable, or have they changed their minds again?

  Please confirm.

Ben

Sent from my iPhone

    On Sep 2, 2021, at 7:12 PM, Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

    Maybe you can email me a letter explaining how you will bring a motion to get a court order on this issue, as to Diehl and Case, and the basis.  That might help.

    Daniel B. Alweiss
    Deputy Attorney General
    Office of the Attorney General
    1515 Clay Street, 21st Fl.
    Oakland, CA 94612-0550
    Tel: 510-879-0005

    **From:** Daniel B. Alweiss
    **Sent:** Thursday, September 2, 2021 7:01 PM

**To:** 'Ben Nisenbaum' <bnisenbaum@gmail.com>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling
<ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris
<John.Burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>; Rohit Kodical
<Rohit.Kodical@doj.ca.gov>
**Subject:** RE: LS v. Henderson: CHP PMQ depos

  I will let you know if Officer Case does not change his position.  I am trying to re-offer
him.  As for Saputa, Hulbert and Henderson, they will be invoking their 5th Amendment rights at
their depos.  I should know more on their availability by next week.  I don't know if Diehl will
change his position as of now.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA  94612-0550
Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Thursday, September 2, 2021 4:19 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling
<ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris
<John.Burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: LS v. Henderson: CHP PMQ depos

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Use caution when opening attachments and clicking on links. Please do not click links or open attachments that you do not recognize or appear suspicious.

Dan and Rohit,

Please confirm ASAP the depositions of Defendants Saputa and Hulbert on September 15 (10 am
and 2 pm) and Henderson on Sept. 17 (we'll start at 11:00 am), as well as the re-deps of Diehl
and Case on September 16.

Ben

Sent from my iPhone

  On Aug 26, 2021, at 12:48 PM, Ben Nisenbaum <bnisenbaum@gmail.com>
  wrote:

  Sorry, I responded on the wrong thread. How about the 16th for Diehl and Case
  continued dep?  I will be spending significantly more time with the three
  defendants than with the witness officers.

thanks,
Ben

On Thu, Aug 26, 2021 at 10:30 AM Daniel B. Alweiss
<Daniel.Alweiss@doj.ca.gov> wrote:

   Also, I am trying to re-offer Diehl and Case for examination on areas for which
   the 5th was invoked.  Don't bother bringing a motion on that issue, I think your
   argument is valid.


   I will try to offer them in the 15th to 17th slot as well.


**From:** Daniel B. Alweiss
**Sent:** Thursday, August 26, 2021 10:13 AM
**To:** 'Ben Nisenbaum' <bnisenbaum@gmail.com>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling
<ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris
<John.burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** RE: LS v. Henderson: CHP PMQ depos


Let's target Saputa and Hulbert for the 15th (Wednesday), and Henderson for the
17th (Friday).  But I have to clear it with them and get back to you before we
finalize.


Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland,  CA  94612-0550

Tel:  510-879-0005

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Thursday, September 2, 2021 7:01 PM |
| **To:** | 'Ben Nisenbaum' |
| **Cc:** | jbcofc; Jim Chanin; Ruby Yearling; John Burris; John Burris; James Cook; Rohit Kodical |
| **Subject:** | RE: LS v. Henderson: CHP PMQ depos |

   I will let you know if Officer Case does not change his position.  I am trying to re-offer him.  As for Saputa, Hulbert and Henderson, they will be invoking their 5th Amendment rights at their depos.  I should know more on their availability by next week.  I don't know if Diehl will change his position as of now.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA 94612-0550
Tel: 510-879-0005


**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Thursday, September 2, 2021 4:19 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling <ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris <John.Burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: LS v. Henderson: CHP PMQ depos

| |
|---|
| **EXTERNAL EMAIL:** This message was sent from outside DOJ. Use caution when opening attachments and clicking on links. Please do not click links or open attachments that you do not recognize or appear suspicious. |

Dan and Rohit,

Please confirm ASAP the depositions of Defendants Saputa and Hulbert on September 15 (10 am and 2 pm) and Henderson on Sept. 17 (we'll start at 11:00 am), as well as the re-deps of Diehl and Case on September 16.

Ben

Sent from my iPhone

   On Aug 26, 2021, at 12:48 PM, Ben Nisenbaum <bnisenbaum@gmail.com> wrote:

   Sorry, I responded on the wrong thread. How about the 16th for Diehl and Case continued dep?  I will be spending significantly more time with the three defendants than with the witness officers.

thanks,
Ben

On Thu, Aug 26, 2021 at 10:30 AM Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

   Also, I am trying to re-offer Diehl and Case for examination on areas for which the 5th was invoked.  Don't bother bringing a motion on that issue, I think your argument is valid.

   I will try to offer them in the 15th to 17th slot as well.

**From:** Daniel B. Alweiss
**Sent:** Thursday, August 26, 2021 10:13 AM
**To:** 'Ben Nisenbaum' <bnisenbaum@gmail.com>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling <ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris <John.burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** RE: LS v. Henderson: CHP PMQ depos

Let's target Saputa and Hulbert for the 15th (Wednesday), and Henderson for the 17th (Friday).  But I have to clear it with them and get back to you before we finalize.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland,  CA  94612-0550

Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, August 25, 2021 6:45 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling

2

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Thursday, August 26, 2021 10:31 AM |
| **To:** | 'Ben Nisenbaum' |
| **Cc:** | 'jbcofc'; 'Jim Chanin'; 'Ruby Yearling'; 'John Burris'; 'John Burris'; 'James Cook' |
| **Subject:** | RE: LS v. Henderson: CHP PMQ depos |

Also, I am trying to re-offer Diehl and Case for examination on areas for which the 5th was invoked. Don't bother bringing a motion on that issue, I think your argument is valid.

I will try to offer them in the 15th to 17th slot as well.

**From:** Daniel B. Alweiss
**Sent:** Thursday, August 26, 2021 10:13 AM
**To:** 'Ben Nisenbaum' <bnisenbaum@gmail.com>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling <ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris <John.burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** RE: LS v. Henderson: CHP PMQ depos

Let's target Saputa and Hulbert for the 15th (Wednesday), and Henderson for the 17th (Friday). But I have to clear it with them and get back to you before we finalize.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA 94612-0550
Tel: 510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, August 25, 2021 6:45 PM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; Ruby Yearling <ruby.yearling@johnburrislaw.com>; John Burris <burris@lmi.net>; John Burris <John.burris@johnburrislaw.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: LS v. Henderson: CHP PMQ depos

Hi Dan,

The week of September 13 works for us, as I indicated. We can do September 15-17. We have OPD deps on the 13th and 14th. Please confirm the 15th through 17th with the defendants. I can do Saputa and Hulbert in one day (10 and 2). Henderson will take longer, so I need to set aside a full day with him (starting at 10 a.m.).

With regard to the timing of the depositions, you should know that I would never take an uninformed deposition, and it took quite some time to get documents from you responsive to our discovery requests. Also you did not respond to any of my inquiries earlier this summer trying to get deposition dates of the officers. You only responded after I finally noticed them when you failed to respond.

Ben

On Wed, Aug 25, 2021 at 4:59 PM Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

  I may be able to offer some defendants for depo sooner.  Why don't we target the week of September 13th for defendant depos.

**From:** Daniel B. Alweiss
**Sent:** Wednesday, August 25, 2021 4:40 PM
**To:** 'Ben Nisenbaum' <bnisenbaum@gmail.com>
**Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; Jim Chanin <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** RE: LS v. Henderson: CHP PMQ depos

  The defendants will be invoking the 5th Amendment at their depositions, and Henderson will be invoking additional rights to the extent you attempt to ask him about his health and prior military experiences.  You are using 3 attorneys against me, and I am one person.  We will do the best we can.  But you could have noticed these depositions in January, or even last year, but you chose to wait until the end of August to make a fire drill once you had time to rope in two more attorneys.

Daniel B. Alweiss

Deputy Attorney General

Office of the Attorney General

1515 Clay Street, 21st Fl.

Oakland,  CA  94612-0550

Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, August 25, 2021 2:22 PM

**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; Jim Chanin <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: LS v. Henderson: CHP PMQ depos

the defendants' depositions were noticed for August 24 and 25.  This is not a matter of when you (or the defendants) are targeting their depositions to take place. I noticed them, not you. I've given you more than enough leeway, but you seem to be trying to move the depositions to the brink of the discovery cutoff, which could impair the timeliness and completeness of our expert reports.  It looks like you could be attempting to hold the defendants' depositions hostage in order to force fact discovery deadlines to be extended against our will (note that you requested us to extend the fact discovery cutoff already, and we declined).

I can do September 14, 15, 16 or 17 for the defendant depositions.  By this Friday, August 27th, confirm which of those 4 days the defendants will be produced for deposition.  I will notify the Court we may need a status conference to take place on September 9th in addition to our MTD hearing if you do not provide dates by this Friday, August 27 for  the Defendants depositions (September 14-17).

Ben

On Wed, Aug 25, 2021 at 2:06 PM Ben Nisenbaum <bnisenbaum@gmail.com> wrote:

Please provide deposition dates asap for the three defendants. Late September is not acceptable.  Mid-September is already on the brink.

It is pointless to appeal Judge Spero's order. Frankly, it would be frivolous.  This seems like delay simply for the sake of delay, which has been the defense's m.o. throughout this case.

Ben

On Wed, Aug 25, 2021 at 1:58 PM Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

Targeting mid- to late late September for offering the 3 party officers.  I will work with you on the dates when I get them.  As for Judge Spero's order we will be taking that up for review to the next level.

Exhibit B



*ROB BONTA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 879-1300
Telephone: (510) 879-0005
Facsimile: (510) 622-2270
E-Mail: Daniel.Alweiss@doj.ca.gov

September 14, 2021

<u>VIA EMAIL ONLY</u>
Benjamin Nisenbaum
Law Offices of John L. Burris
7677 Oakport Street, Ste. 1120
Oakland, CA 94621

RE:  *L.S. (Dec. Erik Salgado) et al. v. Henderson, et al.*
<u>U.S. District Court, Northern District of California, Case No. 3:20-cv-04637-VC</u>
Our Clients: Sgt. R. Henderson, Officer Saputa & Officer Hulbert

Dear Mr. Nisenbaum:

Despite our efforts to obtain clear direction from the Alameda County District Attorney's office, we have not been able to determine the status of their criminal investigation into the officers who were involved in this incident. Nor have we received any response to my email and letter requesting guidance.

Likewise, we have not received input from the Alameda County District Attorney's office as to any sort of time line for them to come to a final determination on whether they will be criminally charging any of the officers involved. Based on such factors, my clients will be asserting their 5th Amendment rights in this civil action, and it is very difficult for me to prepare a meritorious defense and experts for trial.

You indicated you will not agree to stay this case or continue the trial date and upcoming due dates; and that you want to keep these officers on for deposition, despite our request to offer them after our motion is heard. They will not be appearing for deposition this week as I have previously advised you. My office will now prepare a motion to stay or vacate the current due dates and trial date. This motion should be filed within the next two days.

Sincerely,

*Daniel B. Alweiss*

DANIEL B. ALWEISS
Deputy Attorney General
For    ROB BONTA
Attorney General

DBA:sh
cc: James Chanin

Exhibit C

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Tuesday, September 14, 2021 10:08 AM |
| **To:** | 'Ben Nisenbaum'; Rohit Kodical; jbcofc; Jim Chanin; James Cook |
| **Subject:** | RE: Salgado depositions |

   Officers Diehl, Case, Saputa, Hulbert and Sgt. Henderson will not be appearing for depositions this week.  Based on Judge Chhabria's comments last week, my office will be bringing a motion to stay the case based on the officers' 5th Amendment rights and the parallel criminal investigation by the Alameda County District Attorney's office.  I will follow with a formal letter now.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA 94612-0550
Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 7:41 AM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Fwd: Salgado depositions

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dan,

see below from our court reporter. Are Case and Diehl coming on Thursday for re-deposition?

Ben

---------- Forwarded message ---------
From: **BarbaraButler, CSR** <bbreporter.courtreporting@gmail.com>
Date: Mon, Sep 13, 2021 at 7:45 PM
Subject: Salgado depositions
To: Ben Nisenbaum <bnisenbaum@gmail.com>
Cc: Jim Chanin <jbcofc@gmail.com>, jbcofc <Jbcofc@aol.com>

Hi Ben,

This is what I have on the calendar for upcoming Salgado depositions.  Please let me know if I omitted anything.

Wed., 9/15 - 10:00 a.m. - Saputa

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Tuesday, September 14, 2021 10:47 AM |
| **To:** | 'Ben Nisenbaum' |
| **Cc:** | Rohit Kodical; jbcofc; Jim Chanin; James Cook |
| **Subject:** | RE: Salgado depositions |

   Mr. Nisenbaum:  The officers will not appear for depositions this week.  We will be filing a motion to stay this case based on Judge Chhabria's comments last week, and my indications in open court.  I will meet and confer with you to offer all of these offers for depositions at a later date, hopefully without any 5th Amendment rights being asserted.  The discovery cutoff is October 12.  Keeping these depositions on calendar, when I have indicated to you we will be filing a motion to stay and offering these officers at a later date for deposition, is a needless waste of resources.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA  94612-0550
Tel:  510-879-0005


**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 10:30 AM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: Salgado depositions

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

To be clear, I will not take Defendants' depositions off-calendar. If they fail to appear, they will bear the costs of non-appearance and be subject to a motion to compel and sanctions for failing to appear.

This case has been in litigation for a year or more, and defendants have not brought any motion to stay.  Now, with the discovery cutoff looming in mid-October, about a month away, without any ruling from the Court (relying on a dilatory and still unfiled motion to stay), refusing to produce defendants for deposition is in bad-faith and highly prejudicial to our clients.

I urge you and your clients to re-consider a refusal to appear. It may be grounds for serious sanctions by the court.

Ben

Sent from my iPhone

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Tuesday, September 14, 2021 11:10 AM |
| **To:** | 'Ben Nisenbaum' |
| **Cc:** | Rohit Kodical; jbcofc; Jim Chanin; James Cook |
| **Subject:** | RE: Salgado depositions |

Mr. Nisenbaum: The deponents do not agree. You have plenty of time to cancel the depositions now, without any costs or fees. And you could have asked yesterday (during working hours) for a status, or even Friday after Judge Chhabria's comments.

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 10:59 AM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: Salgado depositions

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Where is the motion to stay? I will keep them on calendar at least until the motion to stay is filed.

Then, I would expect in your motion to stay you include that the defendants' refusal to appear at duly-noticed and mutually agreed to depositions is one basis of your motion to stay.

Sent from my iPhone

On Sep 14, 2021, at 10:46 AM, Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

Mr. Nisenbaum: The officers will not appear for depositions this week. We will be filing a motion to stay this case based on Judge Chhabria's comments last week, and my indications in open court. I will meet and confer with you to offer all of these offers for depositions at a later date, hopefully without any 5th Amendment rights being asserted. The discovery cutoff is October 12. Keeping these depositions on calendar, when I have indicated to you we will be filing a motion to stay and offering these officers at a later date for deposition, is a needless waste of resources.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA 94612-0550
Tel: 510-879-0005

**Daniel B. Alweiss**

From:              Daniel B. Alweiss
Sent:              Tuesday, September 14, 2021 11:18 AM
To:                'Ben Nisenbaum'
Cc:                Rohit Kodical; jbcofc; Jim Chanin; James Cook
Subject:           RE: Salgado depositions

We will file it as fast as we can.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA  94612-0550
Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 11:14 AM
**To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
**Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; Jim Chanin <jbcofc@gmail.com>; James Cook
<james.cook@johnburrislaw.com>
**Subject:** Re: Salgado depositions

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

I'm not taking them off calendar if a motion to stay hasn't been filed.

Ben

Sent from my iPhone

> On Sep 14, 2021, at 11:10 AM, Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:
>
>
> Mr. Nisenbaum:  The deponents do not agree.  You have plenty of time to cancel the depositions
> now, without any costs or fees.  And you could have asked yesterday (during working hours) for
> a status, or even Friday after Judge Chhabria's comments.
>
> **From:** Ben Nisenbaum <bnisenbaum@gmail.com>
> **Sent:** Tuesday, September 14, 2021 10:59 AM
> **To:** Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
> **Cc:** Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; Jim Chanin
> <jbcofc@gmail.com>; James Cook <james.cook@johnburrislaw.com>
> **Subject:** Re: Salgado depositions

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Tuesday, September 14, 2021 12:38 PM |
| **To:** | 'Ben Nisenbaum'; Jim Chanin; James Cook |
| **Cc:** | Rohit Kodical |
| **Subject:** | Emailing: Ltr Nisenbaum re motion for stay.pdf |
| **Attachments:** | Ltr Nisenbaum re motion for stay.pdf |

Your message is ready to be sent with the following file or link attachments:

Ltr Nisenbaum re motion for stay.pdf

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Wednesday, September 15, 2021 10:11 AM |
| **To:** | 'Ben Nisenbaum'; BarbaraButler, CSR |
| **Cc:** | Jim Chanin; Rohit Kodical; jbcofc; James Cook |
| **Subject:** | RE: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson) |

  As I have repeatedly indicated to you, defendants will not be appearing at these depositions, I did not confirm these dates with you, I indicated I would attempt to try to make them available for these dates, and I told you they would not be appearing on these dates.  Only once I indicated to you that we would seek to stay the proceeding, then you indicated you would move forward with these dates as a sort of punitive measure.  It seems to be some sort of retaliatory measure due to defendants seeking to stay the case.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland,  CA  94612-0550
Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 8:07 PM
**To:** BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
**Cc:** Jim Chanin <jbcofc@gmail.com>; Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

| EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious. |
|---|

thank you Barbara.

Again, I expect the Defendants to attend their depositions tomorrow and Friday. They can assert their 5th Amendment rights when appropriate to do so.

Ben

On Tue, Sep 14, 2021 at 7:45 PM BarbaraButler, CSR <bbreporter.courtreporting@gmail.com> wrote:

  Barbara J. Butler & Associates, **CERTIFIED COURT REPORTERS** (Liliana Rodriguez, CSR) are inviting you to scheduled Zoom Depositions.

  Topic:  Depositions:  10:00am - Donald Saputa  and  2:00pm - Eric Hulbert  (L.S. ... Salgado v. Richard Henderson, et al.)

## Daniel B. Alweiss

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Wednesday, September 15, 2021 10:26 AM |
| **To:** | 'Ben Nisenbaum'; BarbaraButler, CSR |
| **Cc:** | Jim Chanin; McLaughlin, Kevin; Rohit Kodical; jbcofc; James Cook |
| **Subject:** | RE: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson) |

I understand your position.  I am not saying they will never appear (nor have I ever said that), I am just saying they cannot appear this week, and I will bring a motion to stay/continue the trial dates.  We can offer them at a later date, preferably without any 5th Amendment issues.

Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland,  CA  94612-0550
Tel:  510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, September 15, 2021 8:08 AM
**To:** BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
**Cc:** Jim Chanin <jbcofc@gmail.com>; Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dan,

Please note, the defendants must appear and plead the Fifth Amendment to each question at deposition:

The party or witness who wishes to invoke the Fifth Amendment right against self-incrimination must assert the privilege as to particular questions asked or other evidence sought. A blanket refusal to appear or testify is not sufficient. (*Warford v. Medeiros* (1984) 160 Cal.App.3d 1035, 1045.) Any delay or failure to assert the privilege may result in waiver thereof. This applies to responses to interrogatories, requests for admissions, document productions, and depositions. (See, e.g., *Brown v. Sup.Ct.* (*Boorstin*) (1986) 180 Cal.App.3d 701, 712.

I expect Defendants Hulbert and Saputa to appear for their depositions today, and Henderson to appear on Friday.  Blanket refusals to appear is not permissible.

Ben

On Tue, Sep 14, 2021 at 8:07 PM Ben Nisenbaum <bnisenbaum@gmail.com> wrote:

thank you Barbara.

Again, I expect the Defendants to attend their depositions tomorrow and Friday. They can assert their 5th Amendment rights when appropriate to do so.

1

**Daniel B. Alweiss**

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Wednesday, September 15, 2021 10:33 AM |
| **To:** | 'Ben Nisenbaum'; BarbaraButler, CSR |
| **Cc:** | Jim Chanin; McLaughlin, Kevin; Rohit Kodical; jbcofc; James Cook |
| **Subject:** | RE: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson) |

Thank you Mr. Nisenbaum.  As I have repeatedly told you, they will not be offered for deposition this week and this week was a target time frame for offering them.  I anticipate offering them at a later date.  Based on Judge Chhabria's comments last Thursday, it is clear he expects a motion to stay to be promptly filed and there are close to 4 weeks before the discovery cutoff.  I am working on a motion to stay/continue the trial dates now, and your tactic on acting like these depose were set and confirmed for this week, is purely calculated to impede my timely filing or motion to stay/continue the trial date.

We can try to offer them later this month or the first week of October, and you can depose them at that time.  But not this week, as I have repeatedly and promptly indicated to you in advance.


Daniel B. Alweiss
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 21st Fl.
Oakland, CA  94612-0550
Tel:  510-879-0005



**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, September 15, 2021 8:20 AM
**To:** BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
**Cc:** Jim Chanin <jbcofc@gmail.com>; Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

See Warford at 1044-46:

Federal cases also establish that "[t]here is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings"7 ( *Capitol Products Corporation v. Hernon* (8th Cir. 1972) 457 F.2d 541, 542) *1045 and that "[t]he privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." ( *Heligman v. United States* (8th Cir. 1969) 407 F.2d 448, 450-451; accord *S.E.C. v. First Financial Group of Texas, Inc.* (5th Cir. 1981) 659 F.2d 660, 668-669; *Hudson Tire Mart, Inc. v. Aetna Casualty & Sur. Co.* (2d Cir. 1975) 518 F.2d 671, 674.) This has long been the rule in California with respect to both criminal and civil proceedings. (See *Ex parte Stice* (1886) 70 Cal. 51, 53 [11 P.

1

## Daniel B. Alweiss

| | |
|---|---|
| **From:** | Daniel B. Alweiss |
| **Sent:** | Friday, September 17, 2021 11:12 PM |
| **To:** | Ben Nisenbaum; Rohit Kodical; Jeffrey Vincent |
| **Cc:** | jbcofc; Jim Chanin; James Cook; John Burris; John Burris |
| **Subject:** | Re: Discovery letter re: Defendant Deps. Please have your input by MONDAY MORNING |

I cannot get it back to you as you requested on Monday morning.  I have a client meeting on another case.  As I indicated to you numerous times, we are filing a motion to stay the case or continue the current dates.  Likewise, Judge Chhabria indicated at the hearing last week that he was expecting a noticed motion as to this issue.

---

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Friday, September 17, 2021 3:16 PM
**To:** Daniel B. Alweiss; Rohit Kodical
**Cc:** jbcofc; Jim Chanin; James Cook; John Burris; John Burris
**Subject:** Discovery letter re: Defendant Deps. Please have your input by MONDAY MORNING

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dan,

Please find attached our portion of a discovery letter to Judge Spero.

I need it back ASAP, not later than Monday morning, so your clients can be ordered to appear for deposition next week.

If I don't have your input by Monday morning, I will file it noting that I requested your input by Monday morning.

Time is of the essence.

Ben