1  **JOHN L. BURRIS, ESQ., SBN 69888**
   **BEN NISENBAUM, ESQ., SBN 222173**
2  **JAMES COOK, ESQ., SBN 300212**
   **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Center
4  7677 Oakport Street, Suite 1120 Oakland, CA 94621
   Telephone: (510) 839-5200
5  Facsimile: (510) 839-3882
6  Email:  John.Burris@johnburrislaw.com
   Email:  Ben.Nisenbaum@johnburrislaw.com
7  Email:  James.Cook@johnburrislaw.com
   Attorneys for Plaintiffs,
8  L.S., et al.

9
   **JAMES B. CHANIN, ESQ., SBN76043**
10 **LAW OFFICES OF JAMES B. CHANIN**
   3050 Shattuck Avenue
11 Berkeley, California 94705
12 Telephone: (510) 848-4752
   Facsimile: (510) 848-5819
13 Email: jbcofc@aol.com

14
   Attorney for Plaintiffs,
15 L.S., et al.

16

17                     **UNITED STATES DISTRICT COURT**

18                     **NORTHERN DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| 20  L.S., individually and as successor-in-interest to Decedent ERIK SALGADO by and through her guardian ad litem Michael Colombo; BRIANNA COLOMBO and FELINA RAMIREZ Parent of decedent, | CASE NO.: 3:20-cv-04637 VC |
| | **EXHIBIT D  IN SUPPORT OF PLAINTIFFS' CONTENTIONS IN THE PARTIES JOINT DISCOVERY LETTER** |
| Plaintiffs, vs. | Date: September 21, 2021 Time: 3:00 p.m. Location: San Francisco, - Videoconference Only before Chief Magistrate Judge Joseph C. Spero |
| RICHARD HENDERSON, individually;  ERIC HULBERT, individually; DONALD SAPUTA, individually, DOES 4-25, inclusive, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE NOTICE that Plaintiffs respectfully submit the attached exhibit in support of Plaintiff's contentions in the parties Joint Discovery Letter at Docket No. 59.

Dated:  September 21, 2021                                   **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ *James Cook*
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiffs
L.S., et al.

Exhibit D in Support of Plaintiffs' Contentions in the Parties Joint Discovery Letter
L.S., et al v. Henderson, et al.; Case No. 3:20-cv-04637 VC

L.S.000002

# PROOF OF SERVICE

I, Crystal Mackey, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 7677 Oakport Street, Suite 1120, Oakland, CA 94621. I caused the foregoing:

- Exhibit D in Support of Plaintiffs' Contentions to the Parties Joint Discovery Letter

to be served on the following parties in the following manner:

    Mail [ ]    Overnight Mail [ ]    Personal Service [  ]    Email [X]

DANIEL ALWEISS, ESQ. SBN 191560
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612 – 0550
Tel: (510) 879-0005
Fax: (510) 622-2270
Email: Daniel.Alweiss@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct and that this declaration of service was executed in Oakland, California, on September 21, 2021.

    Signed: /s/ *Crystal Mackey*

Exhibit D in Support of Plaintiffs' Contentions in the Parties Joint Discovery Letter
L.S., et al v. Henderson, et al.; Case No. 3:20-cv-04637 VC

L.S.000003

# Exhibit D

L.S.000004



Crystal Mackey <crystal.mackey@johnburrislaw.com>

---

## Fwd: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

---

**Ben Nisenbaum** <bnisenbaum@gmail.com>   Mon, Sep 20, 2021 at 9:28 PM
To: Crystal Mackey <crystal.mackey@johnburrislaw.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Ben Nisenbaum <bnisenbaum@gmail.com>
> **Date:** September 20, 2021 at 8:11:00 PM PDT
> **To:** "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, Jim Chanin <jbcofc@gmail.com>, James Cook <james.cook@johnburrislaw.com>, Ruby Yearling <ruby.yearling@johnburrislaw.com>
> **Subject: Fwd: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)**
>
> I see you did not include this email either. September 15, at 11:49 a.m.  I'll deal with your false representations to the Court if needed, but at the end of the day, I'm not trying to have a personality conflict with you. I simply need the defendants made available for deposition, and it appears you are doing everything possible to prevent that.
>
> Ben
>
> ---------- Forwarded message ---------
> From: **Ben Nisenbaum** <bnisenbaum@gmail.com>
> Date: Wed, Sep 15, 2021 at 11:49 AM
> Subject: Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)
> To: Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>
> Cc: BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>, Jim Chanin <jbcofc@gmail.com>, McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>, Rohit Kodical <Rohit.Kodical@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, James Cook <james.cook@johnburrislaw.com>
>
> Dan,
>
> I left a voice mail for you, on the record with the court reporter. You are materially misrepresenting significant parts of the procedural history of these issues.
>
> Quoting from your email of August 25, 2021 at 4:40 p.m. (email string: RE: LS v. Henderson: CHP PMQ depos), you claimed I could have noticed the depositions of the defendants back in January of 2021, while telling me the defendants would take the 5th Amendment.  I assume that would have been your position in January 2021.  You keep asking us to wait to take the depositions, and then claim that I am trying to interfere with your motion practice preparation by trying to take depositions.  Nothing could be further from the truth.  I have tried to get deposition dates after your lengthy delay in responding to discovery requests, and your clients' refusal to let you accept service. At every turn, your clients have done everything possible to delay the litigation, short of seeking a stay.  Now, less than a month from the close of discovery, you are talking about filing a motion for a stay (still unfiled).  Yours and Defendants' delays have been the obstacle to discovery in this case, and you are continuing to delay.  Expert reports are due October 25th, and you want plaintiffs to wait until the last week of September or first week of October to depose the defendants?  That's not acceptable, and would likely require an extension of deadlines.  You are holding the defendants' depositions hostage to gain extensions of those deadlines.

L.S.000005

When you say you have "repeatedly and promptly indicated to you (me) in advance" that this week (the week of September 13th) would not be available for the defendants depositions, the opposite is true:  You specifically offered the week of September 13th, in your email of August 25, 2021 at 4:59 p.m.: "I may be able to offer some defendants for depo sooner. Why don't we target the week of September 13th for defendant depos."  I responded later that evening that we could do September 15-17, and gave the time frames on those days.  You responded the next day: "Let's target Saputa and Hulbert for the 15th (Wednesday), and Henderson for the 17th (Friday). But I have to clear it with them and get back to you before we finalize."

I followed up with you the following week on September 2nd to try and confirm ("ASAP") the depositions of Defendants Hulbert, Saputa and Henderson (email September 2, 2021 at 4:19 p.m.). You responded later that evening by email at 7:00 p.m. that the defendants would be invoking their 5th Amendment rights, and you "should know more about their availability by next week".

When did you say YOU were not available the week of September 13?  and in particular September 15th and 17th?  Yesterday, in email at 10:07 a.m. was the first time you said the defendants would not be appearing for deposition on the 15th and 17th and that you would be bringing a motion to stay. You NEVER said that before. Instead, it is clear that you are simply trying to buy time, at Plaintiffs expense.  Your motion to stay, even if filed now, is so belated it looks like you were trying to game us the whole time in order to frustrate our discovery and depositions of the defendants.

Your revisionism above is very much reminiscent of your false claim to the Court in your belated motion to quash that you were never served the Subpoena on City of Oakland for its documents in its OIS investigation, when clearly you had been ("Got it, thanks, Dan"). You didn't even correct that record then when I gave you the chance to do so before filing my opposition.

I don't believe that you will make the defendants available for deposition.  It looks like you are litigating in bad-faith. Show me where you said you were unavailable this week for deposition (before this week began).  All your representations were to the contrary.  You are trying to hold our discovery hostage to delay this case, and you have no right to do so.  I've given you the case law that blanket Fifth Amendment claims, and refusals to appear at deposition or engage in discovery based on assertions of Fifth Amendment rights in Civil litigation is not permissible.

That's what you and your clients appear to be doing. This is sanctionable conduct. Again, as it was in your false representations to the Court in your Motion to Quash.

Show me where you said before this week that you (as opposed to your clients) were not available this week for defendants depositions.

Ben

On Wed, Sep 15, 2021 at 10:32 AM Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov> wrote:

> Thank you Mr. Nisenbaum.  As I have repeatedly told you, they will not be offered for deposition this week and this week was a target time frame for offering them.  I anticipate offering them at a later date.  Based on Judge Chhabria's comments last Thursday, it is clear he expects a motion to stay to be promptly filed and there are close to 4 weeks before the discovery cutoff.  I am working on a motion to stay/continue the trial dates now, and your tactic on acting like these depose were set and confirmed for this week, is purely calculated to impede my timely filing or motion to stay/continue the trial date.
>
> We can try to offer them later this month or the first week of October, and you can depose them at that time.  But not this week, as I have repeatedly and promptly indicated to you in advance.
>
> Daniel B. Alweiss
>
> Deputy Attorney General
>
> Office of the Attorney General

L.S.000006

1515 Clay Street, 21st Fl.

Oakland, CA 94612-0550

Tel: 510-879-0005

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Wednesday, September 15, 2021 8:20 AM
**To:** BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
**Cc:** Jim Chanin <jbcofc@gmail.com>; Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

See Warford at 1044-46:

Federal cases also establish that "[t]here is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings"7 (*Capitol Products Corporation v. Hernon* (8th Cir. 1972) 457 F.2d 541, 542) **\*1045** and that "[t]he privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." (*Heligman v. United States* (8th Cir. 1969) 407 F.2d 448, 450-451; accord *S.E.C. v. First Financial Group of Texas, Inc.* (5th Cir. 1981) 659 F.2d 660, 668-669; *Hudson Tire Mart, Inc. v. Aetna Casualty & Sur. Co.* (2d Cir. 1975) 518 F.2d 671, 674.) This has long been the rule in California with respect to both criminal and civil proceedings. (See *Ex parte Stice* (1886) 70 Cal. 51, 53 [11 P. 459]; *People v. Johnson* (1974) 39 Cal.App.3d 749, 758 [114 Cal.Rptr. 545]; *In re Leavitt* (1959) 174 Cal.App.2d 535, 537-538 [345 P.2d 75]; *Cohen v. Superior Court* (1959) 173 Cal.App.2d 61, 68 [343 P.2d 286].)

The reason for the requirement that the person claiming the privilege must object with specificity to the information sought from him is that only where this is done is the trial court enabled to make the particularized inquiry required of it. "A party is not entitled to decide for himself whether he is protected by the fifth amendment privilege. Rather, this question is for the court to decide after conducting '*a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore*, whether or not the privilege is well-founded.' *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)." (*S.E.C. v. First Financial Group of Texas, Inc.*, *supra.*, 659 F.2d at p. 668, italics added; see also *United States v. Zappola* (2d Cir. 1981) 646 F.2d 48, 53.)

For the reasons set forth in the federal case law, we hold that a blanket refusal to testify is unacceptable; a person claiming the Fifth Amendment privilege must do so with specific reference to particular questions asked or other evidence sought. We hold, additionally, that once this is done, the trial court must undertake a particularized inquiry with respect to each specific claim of privilege to determine whether the claimant has sustained his burden of establishing that the testimony or other evidence sought might tend to incriminate him.

> On Wed, Sep 15, 2021 at 8:07 AM Ben Nisenbaum <bnisenbaum@gmail.com> wrote:
>
>> Dan,
>>
>> Please note, the defendants must appear and plead the Fifth Amendment to each question at deposition:
>>
>> The party or witness who wishes to invoke the Fifth Amendment right against self-incrimination must assert the privilege as to particular questions asked or other evidence sought. A blanket refusal to appear or testify is not sufficient. (*Warford v. Medeiros* (1984) 160 Cal.App.3d 1035, 1045.) Any delay or failure to assert the privilege may result in waiver thereof. This applies to responses to interrogatories, requests for admissions, document productions, and depositions. (See, e.g., *Brown v. Sup.Ct.* (*Boorstin*) (1986) 180 Cal.App.3d 701, 712.
>>
>> I expect Defendants Hulbert and Saputa to appear for their depositions today, and Henderson to appear on Friday.  Blanket refusals to appear is not permissible.
>>
>> Ben
>>
>> On Tue, Sep 14, 2021 at 8:07 PM Ben Nisenbaum <bnisenbaum@gmail.com> wrote:
>>> thank you Barbara.
>>>
>>> Again, I expect the Defendants to attend their depositions tomorrow and Friday. They can assert their 5th Amendment rights when appropriate to do so.
>>>
>>> Ben
>>>
>>> On Tue, Sep 14, 2021 at 7:45 PM BarbaraButler, CSR <bbreporter.courtreporting@gmail.com> wrote:

L.S.000008

Barbara J. Butler & Associates, **CERTIFIED COURT REPORTERS** (Liliana Rodriguez, CSR) are inviting you to scheduled Zoom Depositions.

Topic:  Depositions:  10:00am - Donald Saputa  and  2:00pm - Eric Hulbert  (L.S. ... Salgado v. Richard Henderson, et al.)

Time:  September 15, 2021 10:00 AM and 2:00 PM Pacific Time (US and Canada)

Join Zoom Depositions:

https://us02web.zoom.us/j/8414103226?pwd=ODdldDA3ME5FTmpGS2pZaEoxUlM2dz09

Meeting ID: 841 410 3226

Passcode: 438124

One tap mobile

+16699006833,,8414103226#,,,,*438124# US (San Jose)

+12532158782,,8414103226#,,,,*438124# US (Tacoma)

Dial by your location

    +1 669 900 6833 US (San Jose)

    +1 253 215 8782 US (Tacoma)

    +1 346 248 7799 US (Houston)

    +1 929 205 6099 US (New York)

    +1 301 715 8592 US (Washington DC)

    +1 312 626 6799 US (Chicago)

Meeting ID: 841 410 3226

Passcode: 438124

Find your local number: https://us02web.zoom.us/u/kewOAW1iAN

--

*BarbaraB*

><> ><> ><> ><> ><> ><> ><> ><>

*Barbara J. Butler & Assoc.*

*Certified Court Reporters*

*License #5604*

**_Office Location:_**

L.S.000009

*1659 Scott Blvd., Suite 15*

*(510) 83-BUTLER (28853)*

*(408) 248-BUTLER (2885)*

<u>U.S. Postal Mailing Address:</u>

P.O. Box 3508

Santa Clara, CA  95055

<u>Packages shipped via:</u>

**(FedEx-UPS-DHL- OnTrac-GSO)**

*2010 El Camino Real, #525*

*Santa Clara, CA  95050*

*><> ><> ><> ><> ><> ><> ><> ><>*

***CONFIDENTIALITY NOTICE:  The email and the document(s) accompany it may contain confidential information which is legally privileged.  This information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly PROHIBITED.  If you have received this transmission in error, please immediately notify us by telephone at one of the above numbers, return the original transmission to us and destroy all copies.***

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.



Crystal Mackey <crystal.mackey@johnburrislaw.com>

# Fwd: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)
1 message

**Ben Nisenbaum** <bnisenbaum@gmail.com>  Mon, Sep 20, 2021 at 9:27 PM
To: Crystal Mackey <crystal.mackey@johnburrislaw.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Ben Nisenbaum <bnisenbaum@gmail.com>
> **Date:** September 20, 2021 at 8:04:35 PM PDT
> **To:** "Daniel B. Alweiss" <Daniel.Alweiss@doj.ca.gov>
> **Subject: Fwd: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)**
>
> your email, September 15, 10:10 a.m. Please correct your representation to the Court. See below
>
> ---------- Forwarded message ---------
> From: **Daniel B. Alweiss** <Daniel.Alweiss@doj.ca.gov>
> Date: Wed, Sep 15, 2021 at 10:10 AM
> Subject: RE: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)
> To: Ben Nisenbaum <bnisenbaum@gmail.com>, BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
> Cc: Jim Chanin <jbcofc@gmail.com>, Rohit Kodical <Rohit.Kodical@doj.ca.gov>, jbcofc <Jbcofc@aol.com>, James Cook <james.cook@johnburrislaw.com>
>
>   As I have repeatedly indicated to you, defendants will not be appearing at these depositions, I did not confirm these dates with you, I indicated I would attempt to try to make them available for these dates, and I told you they would not be appearing on these dates.  Only once I indicated to you that we would seek to stay the proceeding, then you indicated you would move forward with these dates as a sort of punitive measure.  It seems to be some sort of retaliatory measure due to defendants seeking to stay the case.
>
> Daniel B. Alweiss
>
> Deputy Attorney General
>
> Office of the Attorney General
>
> 1515 Clay Street, 21st Fl.
>
> Oakland, CA 94612-0550
>
> Tel: 510-879-0005

L.S.000011

**From:** Ben Nisenbaum <bnisenbaum@gmail.com>
**Sent:** Tuesday, September 14, 2021 8:07 PM
**To:** BarbaraButler, CSR <bbreporter.courtreporting@gmail.com>
**Cc:** Jim Chanin <jbcofc@gmail.com>; Daniel B. Alweiss <Daniel.Alweiss@doj.ca.gov>; McLaughlin, Kevin <KMcLaughlin@oaklandcityattorney.org>; Rohit Kodical <Rohit.Kodical@doj.ca.gov>; jbcofc <Jbcofc@aol.com>; James Cook <james.cook@johnburrislaw.com>
**Subject:** Re: REMINDER: Depos Wed., 9/15, D.Saputa and E.Hulbert at 10am & 2pm (L.S. ... Salgado v. Henderson)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

thank you Barbara.

Again, I expect the Defendants to attend their depositions tomorrow and Friday. They can assert their 5th Amendment rights when appropriate to do so.

Ben

On Tue, Sep 14, 2021 at 7:45 PM BarbaraButler, CSR <bbreporter.courtreporting@gmail.com> wrote:

> Barbara J. Butler & Associates, **CERTIFIED COURT REPORTERS** (Liliana Rodriguez, CSR) are inviting you to scheduled Zoom Depositions.
>
> Topic:  Depositions:  10:00am - Donald Saputa  and  2:00pm - Eric Hulbert  (L.S. ... Salgado v. Richard Henderson, et al.)
>
> Time:  September 15, 2021 10:00 AM and 2:00 PM Pacific Time (US and Canada)
>
> Join Zoom Depositions:
>
> https://us02web.zoom.us/j/8414103226?pwd=ODdldDA3ME5FTmpGS2pZaEoxUlM2dz09
>
> Meeting ID: 841 410 3226
>
> Passcode: 438124
>
> One tap mobile
>
> +16699006833,,8414103226#,,,,*438124# US (San Jose)
>
> +12532158782,,8414103226#,,,,*438124# US (Tacoma)

L.S.000012

Dial by your location

    +1 669 900 6833 US (San Jose)

    +1 253 215 8782 US (Tacoma)

    +1 346 248 7799 US (Houston)

    +1 929 205 6099 US (New York)

    +1 301 715 8592 US (Washington DC)

    +1 312 626 6799 US (Chicago)

Meeting ID: 841 410 3226

Passcode: 438124

Find your local number: https://us02web.zoom.us/u/kewOAW1iAN

--

*BarbaraB*

><> ><> ><> ><> ><> ><> ><> ><>

*Barbara J. Butler & Assoc.*

*Certified Court Reporters*

*License #5604*

**Office Location:**

*1659 Scott Blvd., Suite 15*

*(510) 83-BUTLER (28853)*

*(408) 248-BUTLER (2885)*

**U.S. Postal Mailing Address:**

*P.O. Box 3508*

*Santa Clara, CA  95055*

**Packages shipped via:**

**(FedEx-UPS-DHL- OnTrac-GSO)**

*2010 El Camino Real, #525*

*Santa Clara, CA  95050*

><> ><> ><> ><> ><> ><> ><> ><>

**CONFIDENTIALITY NOTICE:  The email and the document(s) accompany it may contain confidential information which is legally privileged.  This information is intended only for the use of the individual or entity named above.  If you are not the**

L.S.000013

*intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly PROHIBITED.  If you have received this transmission in error, please immediately notify us by telephone at one of the above numbers, return the original transmission to us and destroy all copies.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

L.S.000014