UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., et al.,<br><br>        Plaintiffs,<br><br>      v.<br><br>RICHARD HENDERSON, et al.,<br><br>        Defendants. | Case No. 20-cv-04637-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RELIEF**<br><br>Re: Dkt. No. 49 |

The Defendants' motion for relief from the magistrate judge's discovery order (Dkt. No. 49) is granted in part and denied in part. As to the plaintiffs' subpoena of Officer Henderson's medical records at the VA Long Beach Healthcare System, those records are protected by the federal psychotherapist privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence"). Although counsel for Henderson failed to invoke the privilege before the magistrate judge, that failure does not constitute a waiver. As a result, the plaintiffs' subpoena of the VA for Henderson's records is quashed.

As to the plaintiffs' subpoena of the Long Beach Police Department to obtain records relating to the 2017 officer involved shooting, the defendants' motion for relief is denied. "The federal psychotherapist privilege recognized in *Jaffee* extends no further than confidential communications between licensed mental health professionals and their patients." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1214 (D.C. Cir. 2004). Rather than rely on the psychotherapist privilege, therefore, the defendants argue that the federal Privacy Act shields the

Department's records from discovery. But the Privacy Act allows covered entities to disclose protected records "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). As other courts have observed, the Act "does not create a qualified discovery privilege." *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987). Still, medical records implicate weighty privacy interests, and courts retain "ample discretion to fashion appropriate protective orders" to shield sensitive information. *Id.* at 889; *see also* Fed. R. Civ. P. 26(c)(1) (permitting protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden"). Any records obtained from the Long Beach Police Department, as a result, shall be subject to the protective order.

**IT IS SO ORDERED.**

Dated: October 18, 2021

VINCE CHHABRIA
United States District Judge